ROANE, Judge.
The only question in this caséis, whether a judgment for a fine assessed by the jmy jointly against several defendants in an indictment for an assault, be sustainable? In 2 Hawk. c. 48, § 17, it is laid down, that where there are several defendants, a joint award of one fine against all is erroneous, as it ought to be several against each defendant; for, otherwise, he who hath paid his proportionable part might be continued in prison, until all the others had paid theirs: which would be, in fact, to punish him for the offence of another.
To support this opinion, he cites Godfrey’s Case, 11 Co. 43, in which it was unanimously resolved, that a fine assessed upon jurors jointly, for refusing to present, &c. was not lawfully imposed, but ought to have been assessed severally; and, especially, in the case where what produced the fine was several. Now, here, the proposition is laid down as a general one; and It is a fortiori in this particular case; because the offence was, in itself, several. The general tenor of that case (which is a long one) seems to establish the doctrine, and is bottomed upon an article of magna charta, that fines be imposed secundum quantitatem delicti salvo contenemento. [3 Inst. 37.]
In this country, I consider the construction as fortified not only by the principles of natural justice, which forbid that one man should be punished for the fault of another,' but, also, by the clause of the Bill of Rights, prohibiting excessive fines, and the act of [Oct.] 1786, [c. 65, 13 Stat. Larg. 355,] founded on the spirit of it, and providing, that the fine should be according to the degree of the fault and the estate of the offender. But, it is most unreasonable, and directly in the teeth of the act, that one man should suffer the punishment imposed by the jury upon all *484 who may chance to be with him; and who were all in the contemplation of the jury, who assessed the fine.
This is so unjust and contrary to the spirit of the B"T of Rights, that even if it were established by adjudged cases to be the law, nay even if an act of Assembly should pass authorising it, in express terms, I should most, probably be of opinion, that the one should be exploded, and the other declared unconstitutional and not law.
I think, therefore, that. the judgment of the District Court establishing the joint fine was erroneous, and ought to be reversed.
CARRINGTON, Judge.
Four persons were indicted jointly for an assault upon a Magistrate in the execution of his office. One of the defendants died before the trial, and the prosecution was abated as to him. Upon the trial of the cause, the jury found a verdict against the other three, and assessed a joint fine against them. Upon this statement, the single point to be decided is, whether it was right to assess the fine jointly, or whether it ought not to have been so assessed, that each offender should pay for his own offence only, and not for that of other people ?
By the Bill of Rights it is declared, “ that excessive bail ought not to be required, nor excessive fines imposed,* nor cruel and unusual punishments inflicted;” and by the act of Assembly, R. C. 112, [ed. 1794.] It is said, that in every information or indictment, the fine or amercement ought to be according to the degree of the fault, and the estate of the defendant. From which it is clear, that the makers of the Bill of Rights, as well as the Legislature, contemplated, that no addition, under any pretext whatever, was to be imposed upon the offender, beyond the real measure of his own offence. But it is manifest, that if the judgment be so rendered that he may in event, by the death, insolvency or escape of the other defendants, be made to endure a longer confinement, or to pay a greater sum than his own proportion of the fine, that both the Bill of Rights and the act of Assembly are contravened by the decision. Of course, a joint fine which necessarily involves these consequences-must be illegal, as contrary to the spirit and meaning of them both.
This doctrine, however, is not new; but, is co-eval with the common law. For, in 2 Hawk. c. 48, § IS, 633, it is *485 laid down, “ that where there are several defendants, a joint award against them all is erroneous; for, it ought to be served against each defendant; for, otherwise, one who hath paid his proportionate 'part, might be continued in prison till all the others have also paid theirs, which would be in effect to punish him for the offence of another.” This accords expressly with the observations I have made upon the Bill of Rights and the act of Assembly; and proves, that separate fines ought to be imposed in every case of this kind, in order to avoid the inconveniences already enumerated.
If the case be considered upon principle, the injustice of a contrary doctrine will be rendered more obvious. Where several persons are concerned in a trespass, the probability is, that some one of them is either from wealth, situation or talents, a man of more influence than the rest; and, therefore, that he does, by these adventitious circumstances, prevail upon the others to unite with him in it. Now, in such a case as that, would it not be the highest injustice to oblige one of the others of less capacity, poorer circumstances, and, therefore, liable to all the influence of his companion, to undergo as severe punishment as him who was more guilty, and perhaps in event a greater ? It strikes me, that nothing could be more unreasonable; and, therefore, I shall be very loth to yield my assént to such a position.
To make this the stronger, perhaps in the very case now before the Court, the person who is dead, might from his wealth, his weight of character, and influence in his neighborhood, have been the principal mover in all this business, and that the rest may have been poor and indigent, and led on by the influence of his example. In such a case, would it not be contrary to every principle of propriety, that the three indigent men should pay not only for their own transgression, but for that of their more wealthy and culpable companion ? Every person who hears me, must answer in the affirmative; and, declare that one man ought not to suffer for the fault of another.
Therefore, whether I consider the case upon principle, the doctrines of the common law, or the spirit of the Bill of Rights and the act of Assembly, I am equally clear in my opinion, that the District Court should have required the" jury to discriminate; and, having failed to do so, that their judgment is erroneous, and must be reversed.
*486 PENDLETON, President.
I differ from the rest of the Court; and, think neither the authorities or principles mentioned exactly apply. With respect to the first. The 11 Co. 42, was the case of a custom for the jury ata Court leet to present themselves to pay to the Lord of the manor 10s. for chief silver and certainty of leet. , That a jury sworn at a Court leet, contemptuously refused to present, and to pay the 10s. each, upon which the steward imposed a fine upon them jointly of 6/., and on a distress for the fine, a writ of replevin was brought, and the defendant avowed the distress for the fine. To which there was a demurrer; and judgment was unanimously given for the plaintiff, because the fine was joint and not several.
The objection as to that case was, that the refusal of one was not that of another; since some might have been willing though others were not, and that the defaulters only should be fined.
The general principle is, “ that no man shall be punished for another’s fault, to which he is not party, privy, consenting or assentingOn the authority of that case, it is said in 2 Hawk. 633, “ that a joint fine against several defendants is erroneous; because, one defendant having paid his proportionable part, might be detained in prison for the part of the others; which would be in effect to punish him for the fault of another.” This reasoning was just as to the case referred to, where the jury were to pay 10i. each; but, not correct as to the present ease; for, how shall the Court apportion the guilt or punishment of four men, who have jointly committed a breach of the peace; and, who are involved equally in the guilt and punishment ?
It is true, that the jury may distinguish between them; and, the act giving them power to assess the fine, gives them, at the same time, a direction to regard the degree of offence and the ability to pay. Therefore, where there are several defendants, who differ in the degree of offence or ability to pay, the jury may sever them; but, if they are equal in guilt and ability to pay, they may involve them in a common punishment, as is the case in civil suits.* If the jury do wrong in this respect, a motion may be made by the defendants for a new trial; which is the proper remedy: and, as it was not applied for in the present ease, I presume the jury acted rightly.
*487 My opinion, therefore, is, that the judgment ought to be affirmed; but, as a majority of the Court differ from me, it must be reversed.*

[* Bullock v. Goodall, et al. 3 Call, 49.]

[* See Ammonett v. Harris et al. 1 H. & M. 488 ; Wilkes v. Jackson, 2 H. & M. 355 ; Livingston v. Bishop, 1 Johns. R. 290.]

[* The Com. v. Ray, et ux. Virg. Cas. 252,]