Charles Ammonett brought an action of trespass, assault and battery, in the District Court of Richmond, against twelve defendants jointly. Some of them eluded the process, and others prevented it from being served upon them, by force; so that, in the end, the writ was executed on four only. Casey and Landrum, two of them, on whom it was first served, appeared and pleaded not guilty; and a verdict was rendered against them jointly for 6001. At the term in which the verdict was found, for reasons appearing to the Court, it was ordered that, unless the plaintiff should, within three months, release to those defendants 5001. part of those damages, the judgments should be set aside, and a new trial granted them, and the cause again put upon the docket; but, in case of such release, that execution be issued for the balance and costs. The release was executed accordingly, and the plaintiff took judgment and sued out execution for the balance, part of which was levied. Afterwards, two other *defendants, Harris and Turpin, having been served with process, after the former had filed their plea, but before the judgment had been obtained against them, and the cause standing as to them on a new writ of inquiry, appeared and pleaded the release as to part, and judgment for the residue of the damages assessed, in bar of any farther assessment of damages; bringing into Court and tendering to the plaintiff the full balance due on the judgment.
To this plea the plaintiff demurred specially ; and for cause of demurrer, assigned that the present defendants were not arrested when the former filed the plea; that the Jury might find the present defendants guilty of several parts of the same trespass, or one of them guilty of the same at different times; that several damages might be assessed against several defendants, in the same action, according to their several degrees of guilt; and that the order of Court, directing the release, applied to the particular judgment against the first defendants, and related to that particular judgment alone.
The defendants joined in demurrer; and judgment was thereupon given in their fa-vour, to which the plaintiff obtained a writ of supersedeas from one of the Judges of this Court.
Randolph, for the plaintiff in error. The release was to Casey and Landrum, saying nothing about the other defendants. I contend, therefore, that it enured to those only to whom it was given.
My primary position is, that, in this action, and under these circumstances, it was in the power of the Jury to sever the damages. If this position is in my favour, the release enured distinctly to Casey and Lan-drum : so too, the execution was against men who had committed separate injuries; and so, on the fourth place, the doctrine of taking judgment pro melioribus damnis did not apply.
I. Whether, where the declaration is joint, the Jury can sever the damages.
On this point, if reason only is consulted, the question will be decided in the affirmative. Torts are either joint or several: the guilt of one man is not that of another: and different considerations ought to apply to persons of different wealth.
Reason only ought to be consulted, because the authorities are very numerous, confused, and contradictory. The chief is Lord Mansfield in Hill and another v. Goodchild, *5 Burrow, 2790, and he declares there is so great inconsistency in the cases, it is impossible to reconcile them. I argue, therefore, that you are emancipated from British authorities as to this point, and should settle the law by your own decision. But, if we are to be governed by precedent, that case is different from ours: for there the Jury found all the defendants jointly guilts' > whereas, here, although Casey and Landrum had a joint-judgment against them, Harris and Turpin were not then before the Court. We cannot avail ourselves of the observation of Lord Mansfield, relative to cases where defendants are charged severally : but he says that his decision has no application to cases where they plead severally.
The principle in the case of Jones v. The Commonwealth, 1 Call, 555, is in our favour. 1 Bulstrode, 157, cited in 5 Burrow, 2791, is in point. Cro. Eliz. 860, Austin v. Wilward, states that where one is found guilty in part, and the others in all, the damages shall be severed. But 11 Co. Rep. p. 5, Haydon’s case, is in our favour; and. it will appear that all the decisions which prohibit severance of damages are where the cases of all the defendants were submitted to the same Jury; and no instance occurs of an authority against severing the damages, where the defendants are, at different times, brought before different Juries.
*220 Chapman v. House and others, 2 Stra. 1140, shews that where the defendants severed in their pleas, the Jury might assess separate damages. Lowfield v. Bancroft and others, 2 Stra. 910, is a case against us. Yet, in the same book, the case of Lane v. Santloe, p. 79, is in our favour.
II. The release enured to Casey and Lan-drum only. Esp. 415, Cook v. Jenner, (cited from Hobart, p. 66,) appears against me on this point: but the release executed by Am-monett was not voluntary, but directed by the Court. Besides, if my doctrine is true, that the damages might be severed, how can this release operate in favour of other defendants, who were not then before the Court?
III. These were different judgments; therefore different executions might be issued.
IV. The doctrine de melioribus damnis does not apply to circumstances like these, where the defendants drop in at different times; but only where the judgment is obtained against all at once. When Casey and Landrum had pleaded, we were not bound to wait till we could get them all before the Court. This would have been a great hardship upon the plaintiff. If a contrary doctrine should prevail, *a wealthy defendant, to screen his own fortune, might put forward others, who were his tools, and worth nothing.
JUDGE} TUCKHR.
Might not the severance of damages lead to the inconvenience you mention? Aman might set on another to commit a trespass. The instigator might be compelled to pay only one shilling, while a large sum might be assessed against the insolvent perpetrator.
Randolph. The severance of the damages is the only way to prevent that inconvenience. The Jury would find against each according to the enormity of his offence, and consider the sum which had been granted against one, in estimating the damages against the rest.
Wickham, for the defendants in error. No authority can be produced to shew that there may be several verdicts and several judgments against defendants who are jointly sued. Where the object is punishment, the atrocity of the crime and the property of the offender ought to be considered, as in Jones v. The Commonwealth; but, where compensation for the injury 'is in question, the injured person has a right to look equally to all who have injured him.
In Co. Litt. 232 a. it is said that a trespass is joint or several, at the will of him to whom the wrong is done; and in E}sp. 395, quoting Yelv. 68, that, if the person injured sues one and obtains judgment, the others may plead it in bar.
It is a strange doctrine that, although you cannot by separate actions recover separate damages for one and the same trespass, yet in a joint action you can.
I admit that, where the trial is of several issues, of writs of inquiry by different Juries, the damages may be severed. This arises from the necessity of the case; and there an execution must be taken de meli-oribus damnis. But I never heard before that twenty different satisfactions could be obtained for the same injury. The Jury must take into consideration the whole injury. If, then, there were twenty Juries, the plaintiff might recover twenty times as much as he was entitled to.
Lord Mansfield, in 5 Burr. 2790, decided only certain points; leaving others to be settled by comparison of the authorities. Sayer’s Law of Damages, p. 148, 149, cites Bulstrode, 157, and says, “it may be inferred, from divers cases, both prior and subsequent, that this case is not law.” Austin v. Wilward and others, Cro. E}liz. 860, "was a case where some were found guilty in part, and others in all: — but this is not a case of that sort; for, here, it was not a divisible offence, being a single assault and battery; and the verdict was that Casey and Landrum were guilty of the whole.
From 2 Bac. Abr. 272, and the authorities cited there in the margin, it appears that the Jury cannot regularly assess several damages for one trespass, where the charge in the declaration is joint. Mitchell v. Milbank and others, 6 Term Rep. 199, is a very strong case against Mr. Randolph, According to that case, where the judgment is pro melioribus damnis, it must be against one only, and a nolle prosequi must be entered as to the rest.
Where there are verdicts at different times against several obligors in a bond, the plaintiff can have only one satisfaction. So here he can have but one satisfaction.
Mr. Randolph says his client was not bound to wait till he could get the other defendants before the Court. Agreed: but he might have got his verdict against those who were arrested — have proceeded after-wards to get verdicts against others, and finally taken his judgment and execution de melioribus damnis. He did not choose to do this; but made his election in the first instance.
It is contended that he might have got greater damages of the other defendants: but he chose the first which were assessed, considering them better, as being prior in point of time.
Randolph, in reply. We contend that we had a right to prosecute the suit against Harris & Turpin, notwithstanding that against Casey & Landrum had been decided.
The principal point in this case is excepted out of the points declared to have been decided in Hill v. Goodchild; and the authorities preceding that case are in. our favour.
Bulstrode, 157, Sampson v. Gideon, dated the 9th of James I. is expressly in point. The general character of Bulstrode’s Reports is unquestionable. How then is the credit of this case to be destroyed? Only by Sayer on Damages. He says its authority is shaken by other decisions. I will en-deavour to run through all the cases, and shew a principle which should prevail.
Cro. E}liz. 860, is an authority for us. But this is objected to, in consequence of a note in 2 Bac. Abr. 272, where 1 Bulstr. 50, and Carth. 20, Rodney v. Strode, are cited. The inference from Carth. 20, is that, if a nolle prosequi had not been *221 entered, it would have been error. *Bttt, in that case, I grant, the damages ought not to have been severed; because the Jury found all the defendants equally guilty.
The rule, X contend, is, that, wherever equality of guilt is found by the Jury, they have no right to sever the damages. Onslow v. Orchard, 1 Stra. 422, is said to be against us. This was a loose note of Strange the reporter; but comes within my rule; for the trespass there was confessed.
It is contended that an assault and battery is a single, and not a divisable offence: but surely there may be a difference of degrees in assaults and batteries, and different parts may be acted in the perpetration. 2 Stra. 1140, and Haydon’s case, 11 Co. Rep. S, are both in our favour. All the cases which seem against us may either be overthrown, or brought within the rule I have mentioned. In 6 Term Rep. 199, there were three writs of inquiry; and I admit it was error to sever the damages; beeause there was a judgment of nil dicit, and thus an implied confession of the guilt of all. 3 Levinz, 324, Smithson v. Garth and others, 1 Wils. 30, Cro. Jac. 251, 118, and Jenkins’s Centuries, 317, cited in Hill v. Goodchild, are all cases of entirety of guilt, and do not contradict the rule.
Analogy also is in our favour, the doctrine being similar in actions on the case for malicious prosecutions, (a)
The practice of this country sanctions the doctrine for which I contend. The suit against Casey and Landrum was put separately on the docket.
JUDGE ROANE.
Why, in a declaration against one of several joint trespassers, is he charged to have committed the trespass simul cum aliis.
Randolph. To give notice of the nature of the trespass.
JUDGE ROANE.
Is it not rather the mode of declaring separately? If he charged them all together, would he not be estopped from saying that their degrees of guilt were unequal?
Randolph. Upon principle our doctrine ought to be sustained. The case of a joint bond is different from this. There are no degrees of obligation in that case; but there are degrees of guilt in trespasses.
As to the choice de melioribus damnis, Rastall may be said to be against us; the entry in that book being against one defendant only: but, where judgment has been rendered, *it is too late to take it pro melioribus damnis. In 1 Wils. 30, it is said, that the plaintiff may take judgment pro melioribus damnis, where there are several damages assessed; but that, after the term is over, it cannot be done.
JUDGE LYONS.
May not the judgment be delayed until issues or writs of inquiry have been tried as to all the defendants?
Randolph. Delay the judgment! What inconvenience would this produce !
JUDGE LYONS.
So far as I have been concerned as counsel, I have always dismissed the suit against the other defendants in such a case.
Randolph. If Rastall is against us, it was the court’s duty to have directed a stay of execution. If they neglected to do this, we ought not to suffer for their error. It ought now to be rectified, by setting aside the execution, compelling us to return the money received, and to stay until the writ of inquiry shall be tried.
The release ought not to operate to our disadvantage; its word not having that effect. I admit that in Hob. 66, Coke v. Jonner, (which, too, was a case of equal guilt in all the defendants,) the release ought to have been a bar; but not in this case. In the same book, p. 70, and Cro. Car. 239, the doctrine is laid down, that a release to one, against whom a judgment has been obtained, is no release to another against whom there is no judgment; and, that a release to a judgment is no release to an action, the authorities are express.
Saturday, October 31, 1807. The Judges delivered their opinions.
JUDGE TUCKER
stated the case, and then said: The case of Hill and another v. Goodchild, 5 Burrow, 2790, with the multitude of cases there cited on both sides, was relied on by the counsel for the appellants, to shew that the law of this case has never been settled, to this day, in England; and he called upon this court to establish a precedent that might settle it in future.
That case, like the present, was a joint action of trespass, assault, and battery, against two defendants, who pleaded not guilty, and the verdict found them jointly *guilty, but assessed the damages severally; as to one forty shillings, and as to the other one shilling only; and the plaintiff took his judgment accordingly, which was reversed in the Court of King’s Bench ; the Court holding that, as the trespass was jointly charged upon both defendants, and the verdict found both jointly guilty, the Jury could not afterwards assess several damages. And several cases were referred to by the Court as warranting their opinion: among others, Crane & Hill v. Humberston, Cro. Jac. 118, in which case the defendants severed in pleading, which brings it precisely to the case before us. That case was also a writ of error in K. B. ; and the error assigned was, that in trespass of battery and wounding, the one pleaded, to all except the wounding, that it was in his own de-fence; and, to the wounding, not guilty. The other justified all in his own defence. And, upon issue joined, the Jury found the first guilty of the wounding, and the other issue against him also, and assessed damages to 201. ; and found the issue also against the other defendant, and damages 1001. ; and judgment was given accordingly, of the several damages against them; and the error assigned was “because there ought to have been but one judgment for the damages ; and the plaintiff ought to have made his election against whom he would have taken his judgment. ” And the whole Court was of that opinion ; and for this cause the judgment was reversed.
A precedent more in point (except that the issues were probably tried, and the *222 damages assessed by the same Jury) cannot easily be supposed. It may be worthy of observation that the issues were perfectly distinct. First, one of the parties pleads that, as to all but the wounding, it was in his own defence; and, as to the wounding, not guilty. The second defendant justifies all in his own defence. The Jury might have acquitted the first upon one of his pleas, and found him guilty upon the other; and at the same time have found the second not guilty as to the whole, or guilty as to the whole. Yet, inasmuch as they found both guilty, though upon these several pleas, the Court held that, although they had severed themselves in plea, yet, when they were both found, jointly guilty of one and the same battery, one judgment •only ought to have been given. The case of Strode v. Rodney, Carthew, 19, was also relied on by the Court in their opinion. That was an action of trespass, and false imprisonment, and imposing the crime of treason on the plaintiff, against three defendants. One of them confessed the action: the *other two pleaded jointly, not guilty. ■ There was a verdict for the plaintiff on that issue, and 1,0001. damages against one, and SOI. against the other defendant. The plaintiff entered a nolle prosequi against him who let the judgment go by default, and against the other defendant for the SOI. and took judgment only against Strode for the 1,0001. And it was held that the defect of the verdict was cured by the nolle prosequi. For, as the plaintiff might have brought this action against them, jointly', or severally, so it is but reasonable that he should have the same election as to the damages; although it was objected that the plaintiff hath election de melioribus damnis, only where the trials are at several times; and this was a fact of which they are all equally guilty, and that it was a contradiction to say that the plaintiff was injured by one to the value of SOI. and by the other to the value of 1,0001. And this judgment was affirmed in the Exchequer Chamber, and also in the House of Lords, as we are informed by a marginal note, in 2 Bac. Abr. (old edit.) 9, tit. damages.
In the case of Mitchell v. Milbank, 6 Term Rep. 199, where the plaintiff executed three writs of inquiry against three several defendants who suffered judgment to go by default, and several damages were assessed thereon; the Court held that, if he had entered up final judgment on the several damages on these interlocutory judgments, it would have been erroneous; which shews the same principle to be still adhered to in the English Courts, as in the cases which I have mentioned. The result of all which seems to be, that the plaintiff shall have but one recompense in damages, though the assault and battery be committed by several, and though his action be brought either joint or several. 1 Esp. 321, 2d edit. The case of Jones v. The Commonwealth, (1 Call, SSS,) may be supposed tobe in opposition to this opinion. But that was a criminal case; and, independent of the principle arising out of our own peculiar constitutions and laws, we have the authority of the Court in Strode v. Rodney (where it is said to be true, that when several persons are found guilty criminally, then the damages may be severed in proportion to their guilt, yet it is otherwise in civil cases, 3 Mod. 102), for the distinction. So that I do not consider the decision in that case as affording any rule for our opinions in this.
It would seem from the precedents in Rastall’s Entries, 6S4, that, where a joint action of trespass is brought against several defendants, if there be a verdict against one or more of them at one time, and the plaintiff chooses *to proceed against the rest, the regular course is to enter judgment against the first, with a cesset executio until a trial is had as to the other defendants. And then the plaintiff may elect against which of them he will take his final judgment, and enter a nolle prose-qui as to the rest. But, in the case at bar, there was no cesset executio entered as to the judgment against Casey & Landrum until the other defendants should have answered, &c. on the contrary, the plaintiff sued out his execution, and thereby determined his election to recover his damages against them only. And this we are told may be pleaded in bar by the other defendants, 1 Esp. 318, who cites Yelverton, 68, and the reason given is that before mentioned; that the plaintiff can have but one recompense for the same injury.
As to the release, it is laid down in Cooke v. Jenner, Hob. 66, cited 1 Esp. 415, that, if a trespass be joint, a release to one is gocd to all. Here the release was not total, but merely for a part of the damages assessed by the Jury. The plaintiff had his election to take 1001. damages, only, instead of 6001. or to submit to a new trial: he elected to take the 1001.; and he sued out his execution thereupon. He thus determined not only the quantum of the recompense, but the persons against whom he would take it. And this might well be pleaded in bar by those who had not before appeared and answered to his action. I am, therefore, of opinion that the judgment be affirmed.
JUDGE ROANE.
It is a general principle applying to civil actions against joint trespassers that the act of one is the act of all the parties present, as they all unite to do an unlawful act, though in fact one may be more malicious and do greater injury than another. 11 Co. Rep. 5, Haydon’s case. In conformity with this position, it is held that a recovery in a separate action against one trespasser may be pleaded in bar to an action brought against another.
This position seems decisive of the case before us. However the case might have been if the damages had been severed, in relation to Casey & Landrum, in which case it might have been right to apportion upon, the present defendants their quota also; (thus making out among all the defendants a full satisfaction for the whole injury;) yet, in this case it is clear that the first verdict extended to the whole injury; and the damages thence arising have been satisfied or tendered. The appellant, by accepting the damages given by the first ver-diet, has waived his -'right to go against the present appellees for the *223 whole injury, and elect pro melioribus damnis; and he cannot go against them again for their proportion of the damage done to him, because this is already included in the verdic': rendered. The case might have been otherwise, (but on this I give no opinion,) if the first verdict had only apportioned upon the then defendants their quota of the damages.
On this ground X think the judgment of the District Court perfectly correct.
JUDGE BYONS.
The law is laid down in Buller’s Nisi Prius, p. 20, (citing Yelv. 68,) that, if a battery be committed by several, and a recovery be had against one, such recovery may be pleaded in bar to an action for the same battery against another; and, in Co. Bitt. 232 a. that a release to one of several persons who were guilty of a joint trespass operates as a release to all.
1 ‘It is also a maxim that, where the inquest is taken by the issues of the parties, by the same inquest shall the damages be taxed for all.” (Buller, 20; Carth. 19, Rodney and Strode.)
“It is the constant practice now to let the writ of inquiry issue so that the same Jury tries the issue and assesses the damages; and, in case the defendant, who pleaded, is acquitted, yet the plaintiff shall go oil to assess damages against the others; and, if one of the defendants appears, pleads, and is found guilty, and, after-wards, another does the same, and is likewise found guilty, he shall be charged with the damages taxed by the 'former inquest; for the trespass which the plaintiff has made joint cannot be severed by the Jury, if they find it to have been done by all at one and the same time: but, if the Jury find one guilty at one time, and the other at another time, there several damages may be assessed.”(a) (It Is a question, however, whether, in the last mentioned case, a joint action ought to be brought.) So, if there be several defendants, the Jury may find them, severally guilty as to part, and severally not guilty as to the residue, and assess damages severally, (b) But this is the case with respect to trespasses committed on lands, and the like; but cannot apply to assaults and batteries.
In the case of Chapman v. House, &c. (2 Str. 1140), Chief Justice Bee was of opinion that the Jury might assess separate damages where the defendants severed in their pleas.
*But the doctrine is plainly declared in Hill, &c. v. Goodchild, (c) that, in a joint action of trespass, where the Jury find the defendants jointly guilty, they cannot sever the damages according to the degrees of guilt.
I do not think that the present case calls for an opinion, as to what might have been the decision, if the defendants had been charged jointly and severally, or had pleaded severally; or had been found guilty of several parts of the same trespass, at different times; or, if two several trespasses had been joined in the same action, and damages had been severally assessed according as the defendants were severally guilty.
But, conformably with the principles settled in the authorities which have been quoted, the judgment must be affirmed.

 Stra. 910, 1b. 79; Lane v. Santloe, Cro. Car. 54; Player v. Warner and Dewes, 1 Plowd. 91 a.

 Str. 1222; 11 Co. 5.

 Garth. 20.

 5 Burr. 2790.