# Wallace *v.* The State.

## *Indictment for Malicious Mischief.*

1. *Breaking fence; an offense against the possession.*—The offense of malicious mischief in breaking a fence, Code, § 5624, is an offense against the possession rather than against the ownership of the land, and where the indictment properly lays the fence in the person who was in possession, it is proper for the court to refuse to go into the inquiry whether a third person had title to the premises.

2. *Cross-examination; question proper on.*—Where on a trial for breaking a fence, a witness has testified for the defendant that the fence was across a public road, and that the road was used by all the persons in the neighborhood until the fence was built, and that witness "traveled said road whenever he wanted to," it is not error for the solicitor on cross-examination to ask the witness, "if the owner of the land had objected to your traveling said land would you have gone on it?"

3. *Intent; what is in malicious mischief.*—The only intent necessary under the charge of maliciously or wilfully breaking a fence,

[Wallace v. The State.]

is the intent to break the inclosure of another, and this is a criminal intent, although the defendant acted under the mistaken belief that he had a right to break the inclosure.

APPEAL from Elmore County Court.

Tried before Hon. H. J. LANCASTER.

The facts necessary are stated in the opinion.

The following charge was refused to the defendant: "A criminal act and a criminal intent must concur to constitute a crime, and if in this case the jury find from the evidence that the defendant cut the wire and there was no criminal intent unlawfully or negligently to break, throw down, or destroy the fence of Mary McLean, the jury should find the defendant 'not guilty.'"

The record fails to show any one for the appellant.

CHAS. G. BROWN, Attorney-General, for the State. Ownership of the land properly laid in person in possession.—*Hill v. State,* 104 Ala. 64.

MCCLELLAN, C. J.—This is a prosecution under section 5624 of the Code for unlawfully, maliciously or negligently throwing down or breaking the fence or enclosure of another. The offense being against the possession rather than against the ownership of land, the indictment in this case properly laid the fence in the person who was in possession and the court properly refused to go into the inquiry whether a third person had title to the premises.—*Hill v. State,* 104 Ala. 64.

The witness W. D. Whetstone having testified for the defendant for the purpose of showing that the fence in question was erected across a public road, that he first knew the road twenty-five years before, that it had been used ever since till the fence was built across it by all persons in the neighborhood without objection or interruption, and that he, witness, "traveled said road whenever he wanted to," it was not error to allow the solicitor to ask the witness on cross-examination "if the owner of the land had objected to your traveling said land, would you have gone on it?"

The only intent necessary to infect defendant's act with criminality was the intent to break the inclosure

[Dunston v. The State.]

of another. This was a criminal intent although the defendant might have acted under the mistaken belief that he had a right to break the inclosure. The charge refused to defendant was, therefore, to say the least, misleading, and the court committed no error in its action upon it.

Affirmed.