# Boyett r. The State.

*Prosecution for Maliciously Destroying Fence. under Code, § 5624.*

(Decided February 13, 1902.)

1. *Trial; appeal from conviction in county court; amendment of complaint; misnomer.*—A criminal cause, appealed to the circuit court from the county court, being triable *de novo*, upon a brief statement of the couse of complaint which is amendable by leave of the court, under section 4627 of the Code,—the fact that defendant filed a plea of misnomer in the county court, upon the sustaining of which the solicitor amended the affidavit or complaint by inserting therein the words "whose name is otherwise unknown to affiant," is no cause for abatement of the prosecution in the circuit court.

2. *Code, section 5624; partition fences.*—One is not criminally liable under section 5624 of the Code for tearing down or removing a partition fence between his own land and that of another, or a fence situated on his own land.

3. *Same: surveys; effect of as evidence in prosecution under Code, section 5624.*—On a prosecution for violating section 5624 of the Code, surveys, on which defendant predicates his ownership of the land, are not admissible unless they are shown to be correct or to have been made in conformity with statutory requirements.

4. *Same; general charge; surveys; adverse possession.*—Where, in a prosecution for violating section 5624 of the Code, the prosecutor testified that the fence which was torn down was on his land; that he was claiming the land and had it in his possession, but did not know where the line was between his land and defendant's; and defendant testified that the fence

was on his land, and that he had had two surveys made to ascertain the line between his lands and that of the prosecutor, both of which had shown the fence in controversy to be on defendant's land. *Held:* That defendant was not entitled to the general affirmative charge, or to a charge that "there is no evidence in this case that Chancey (the witness for the State), was holding the lands upon which said fence was situated adversely at the time that it was removed by the defendant."

APPEAL from Dale Circuit Court.

Tried before Hon. A. A. EVANS.

Prosecution of H. C. Boyett for a violation of section 5624 of the Code, instituted in the county court of Dale county, upon the affidavit or complaint of one Amos Chancey. From a judgment of conviction in the county court defendant appealed to the circuit court. Before entering upon the trial in the circuit court defendant objected to being tried upon the ground that his plea of misnomer, alleging that his true name was Henry Boyett, had been sustained in the county court, and that the solicitor had there been allowed to amend the original affidavit by inserting therein after the name "H. C. Boyett," the words "whose name is otherwise unknown to affiant," said amendment being allowed over defendant's protest and objection. Upon the trial in the circuit court Chancey, the witness for the State, testified that the land upon which the fence was situated was his land; that he was in possession of it and had been for three years, and claimed the land, and had built the fence; that he did not know where the line was between his land and the defendant's. Defendant testified that the fence was on his land, and that he had had two surveys made (one by the county surveyor of Dale county) to ascertain the line between his land and that of Chancey, both of which surveys placed the fence on defendant's land, and that after they were made he (defendant) moved the fence. The defendant requested the general affirmative charge, and also a special charge as follows: "The court charges the jury that there is no evidence in this case that Chancey was holding the lands upon which said fence was situated adversely, at the

time it was removed by the defendant." The overruling of defendant's objection to going to trial and the refusal of said charges are assigned as error.

SOLLIE & KIRKLAND, for appellant, cited 109 Ala. 56.

CHARLES G. BROWN, Attorney-General, for the State.

TYSON, J.—The defendant after conviction in the county court, appealed to the circuit court. In the circuit court the trial is *de novo* and must be had, unless waived, upon a brief statement of the cause of the complaint signed by the solicitor which is amendable by leave of the court.—§ 4627 of Crim. Code and authorities cited under it. It is too clear for argument that nothing that is shown to have occurred upon the trial in the county court was cause for abatement of the prosecution in the circuit court.—*Tatum v. The State*, 66 Ala. 465.

The prosecution was for an alleged violation of section 5624 of the criminal Code. If the fence was upon the land of the prosecutor, it belonged to him and the defendant was properly convicted. On the other hand, if it was a partition fence between them as co-terminous owners, or if it was upon the defendant's land, then his act of removing or tearing it down was not an offense denounced by this statute.—*Wheeler v. The State*, 109 Ala. 56. So, then, the pivotal inquiry under the testimony was whether the fence was upon the land of the prosecutor. Its solution, we think, was a question for the jury.

The surveys, upon which the defendant predicates his ownership of the land, upon which the fence was built by the prosecutor, were not shown to have been correct or to have been made in conformity with the requirements of the statutes as to notice, etc., etc.—Code, § 3895; *Nolin v. Parmer*, 21 Ala. 66; *Bridges v. McClendon*, 56 Ala. 327; *Clements v. Pearce*, 63 Ala. 284.

There was no error in refusing the written charges requested by defendant.

Affirmed.