# Perry, *et al. v.* State.

### *Maliciously Defacing a Dwelling.*

(Decided Feb. 7th, 1907.　43 So. Rep. 18.)

1. *Criminal Law; Verdict; Sufficiency.*—Where several are jointly indicted and tried and conviction had, a verdict assessing as a fine a single or lump sum, is invalid; the verdict should assess a fine separately against each offender.
2. *Malicious Mischief; Willful Injury to Real Estate.*—The offense denounced by Section 5620, Code 1896, is one against the possession and does not involve ownership; Hence, one charged with that offense is not entitled to inquire into the right of the possession of the person in actual occupancy at the time of the injury.
3. *Same; Indictment; Sufficiency.*—An indictment charging that the defendants willfully injured or defaced the property of a person therein named is not open to the objections that it fails to allege the ownership of the dwelling, and that it charges the defendants with committing the offense jointly.
4. *Criminal Law; Conviction; Judgment.*—Upon the conviction of the defendant and the assessment of a fine against him, unless the fine and costs are paid or judgment confessed, the judgment must show either that he was imprisoned or sentenced to hard labor.　(Sections 5423-5425, Code 1896.)

APPEAL from Walker Law and Equity Court.
Heard before Hon. T. L. SOWELL.

The indictment alleged that Ab Perry, Simon Garret, and Arresto Weems did willfully injure or deface a dwelling house, the property of J. J. Earnest, against, etc. Demurrers were interposed as follows: "It does not charge any offense known to the laws of the state of Alabama. (2) It does not allege that the house alleged to have been defaced belonged to J. J. Earnest. (3) It does not show to whom the house belonged that is alleged to have been defaced. (4) Because the person who may happen to have a dwelling on the property is not the person injured, as contemplated by the statute under which the indictment was drawn (section 5620 of the Code of Alabama), but the actual owner; hence the indictment is defective in not alleging who is the owner of the property. (5) Because the indictment charges no offense known to the laws of the state of Alabama, in this: that it attempts to charge the defendants with committing an offense jointly which could not be jointly committed. (6) Because the defendants are charged jointly with committing one and the same offense, which offense cannot be jointly committed. (7) Because there is a misjoinder of the defendants." And others raise the same question as presented by the last three demurrers. The evidence tended to show that the party alleged to be the owner of the house defaced had gone upon certain lands belonging to another than him and built a house, and had occupied the same for 14 years; that the land upon which the house was located belonged to the other, and not to Earnest. The defendants proposed to show that the lands belonged to a certain person, but were not permitted to do so by the trial court. The defendants also offered to show that a certain witness for the state was a woman who kept a bad house, and that bad persons were accustomed to go there; that her house was near the house defaced; and thus to account for the presence of other persons near this house, in connection with the fact that these defendants were not there. The court refused to permit this evidence, but said that the defendants might show that the witness was of bad character for truth and veracity.

RAY & LEITH, and ACUFF & McCULLOM, for appellant. —Charges 2, 3, 4 and A should have been given as the

indictment should have alleged the owner of the injured property. Otherwise, a mere trespasser could get the fine.—§ 5620, Code 1896; *Wright v. The State,* 136 Ala. 145; *Mattox v. The State,* 122 Ala. 110; 63 Ala. 108; 43 Ala. 330; 44 Ala. 380; 28 Ala. 71; 26 Ala. 72; 7 Ala. 728. The verdict of the jury in this case is not sufficient to support the judgment.—19 Ency. P. & P. pp. 468-469; 25 Am. & Eng. Enc. L. 298; *Johnson v. State,* 29 N. G. L. 453; *Sturgeon v. Gray,* 96 Ind. 166; *Miller v. People,* 47 Ill. App. 472; *Caldwell v. Com.,* 7 Dana, 229; *State v. Berry,* 21 Mo. 504; *Waltger v. State,* 3 Wis. 785.

MASSEY WILSON, Attorney General, for State.—The offense was against the possession and the allegation was sufficient that it was the property of J. J. Earnest. —*Lawson v. The State,* 100 Ala. 70; *Wallace v. The State,* 124 Ala. 87; *Parham v. The State,* 125 Ala. 57; *Brunson v. The State,* 140 Ala. 201; *Hannon v. The State,* 73 Ala. 47; *Matthews v. The State,* 81 Ala. 66; *Sewell v. The State,* 82 Ala. 57. The appellants were not improperly joined in the indictment.—*McGee v. The State,* 58 Ala. 76; *Townsend v. The State,* 137 Ala. 21; *Elliott v. The State,* 26 Ala. 78. Earnest not being a trespasser his possession was within the protection of the law.—*Reddock v. Long,* 124 Ala. 260; *Anderson v. Mealer,* 56 Ala. 621. Earnest's character was not in issue.—*Linton v. The State,* 88 Ala. 216; *Rhea v. The State,* 100 Ala. 119; *Spicer v. The State,* 105 Ala. 123. The wife was incompetent as a witness.—*Lyde v. The State,* 132 Ala. 42; *Holly v. The State,* 105 Ala. 100.

McCLELLAN, J.—The appellants were jointly indicted for violation of section 5620, Code 1896. Upon their joint trial the jury returned, and the court received, the following verdict: "We, the jury, find the defendants guilty as charged in the indictment, and assess a fine of one hundred dollars"—the foreman signing it. The judgment followed the verdict. The verdict was invalid since it failed to separately assess a fine against each offender. The reason is apparent, viz., that payment of the whole fine may be recovered from one of the defendants, thus permitting the others to escape punishment, and thereby

[Perry, et al. v. State.]

savoring of the punishment of one man for the guilt of another.—*Jones v. Commonwealth,* 1 Call (Va.) 555; 4 Bacon's Abr. p. 234; 2 Hawkins, p. 635; *Bosley's Case,* 7 J. J. Marsh. (Ky.) 599; *Medis & Hill Case,* 27 Tex. App. 194, 11 S. W. 112, 11 Am. St. Rep. 192; *Ceasar's Case,* 30 Tex. App. 274, 17 S. W. 258.

The offense denounced in section 5620 is one against the possession, and does not involve the ownership, of the land. This court in passing upon a not materially (for this purpose) dissimilar statute, affords authority for the view above announced.—*Wallace's Case,* 124 Ala. 87, 26 South. 932; *Hill's Case,* 104 Ala. 64, 16 South. 114. The bill of exceptions shows that Earnest was in actual possession of the injured dwelling, and had been for many years. The defendants were properly not allowed to institute an investigation into the rightfulness of his possession. The special charges stating a contrary conclusion were correctly refused.

The indictment is valid, and not subject to the objections taken to it.

The effort to inquire into the character for chastity alone of one of the witnesses was properly disallowed.— *Rhea's Case,* 100 Ala. 119, 14 South. 853; *Spicer's Case,* 105 Ala. 123, 16 South. 706.

When a fine is assessed against a defendant, the trial court must either imprison him in the county jail or sentence him to hard labor for the county, as directed by sections 5423-5425, unless the fine and costs are paid or judgment is confessed. This does not appear to have been done in the present case.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.