# Edgar *v*. The State.

### *Maliciously Destroying Fence.*

(Decided June 30, 1908. 47 South. 295.)

1. *Fences; Destruction; Criminal Liability.*—Section 5624, Code 1896, is intended as a protection against trespassers, so that where the prosecutor and the accused are co-terminus owners, the inquiry is whether the fence destroyed is on the land of the prosecutor or of the accused, and if on the land of the accused, there cannot be a conviction under said section, although the fence was erected by the prosecutor in ignorance of the true line.

2. *Same.*—Section 3898, Code 1896, merely prevents one innocently erecting a fence from losing the material in the fence, and does not authorize one erecting a fence to maintain it as such notwithstanding the true line, and hence it does not affect the operation of section 5624, Code 1896.

3. *Same; Evidence.*—Under a charge for maliciously destroying a fence, it being shown that at the time of the construction of the fence, defendant notified prosecutor that the fence was being built on defendant's land, evidence as to the ownership of the land on which the fence stood, was admissible. (Simpson and McClellan, JJ., dissent.)

APPEAL from Andalusia. City Court.

Heard before Hon. B. H. LEWIS.

Dave Edgar was convicted of maliciously destroying a fense, and he appeals. Reversed and remanded.

Defendant and one Mauldin owned adjoining lands. Mauldin constructed a rail fence between the lands, which was burned, and for the burning of which defendant is prosecuted in this action. While Mauldin was upon the witness stand, defendant asked the wit-

ness if it was not a fact that the land run by Acree and Miller was a compromise line, and agreed to by witness and defendant as a compromise after the fence was burned. Defendant also asked witness if the fence was built on his own land, and also if it were not a fact that the fence was on defendant's land. The court sustained objections to each of these questions, and defendant accepted. Witness was asked if he knew the line dividing defendant's line from that of Mauldin. The bill of exception recites that the state objected to the question, and the court announced the following ruling: "If Mauldin built a fence on the line which had been surveyed, and as he thought at the time to be the true line, and subsequently the line was surveyed again, and by said survey the fence was on defendant's land, defendant was liable if he destroyed the fence." And to this ruling the defendant accepted. All testimony in reference to the survey and land lines run since the burning of the fence was excluded on motion of the state.

The court charged the jury as follows:

"I charge you, gentlemen of the jury, as a matter of law, that to throw down a fence is to destroy it. Yes; the court will hold that to throw down a fence and to 'scatter it from hell to breakfast,' as and in the manner testified to by some of the witnesses, is a destruction of it within the meaning of the law, and that if the jury believe beyond a reasonable doubt that defendant destroyed this fence by throwing it down or burning it, as charged, they should find him guilty, although a portion of it is shown to be a partition fence, if they should find that it was a patition fence."

The following charges were refused to the defendant:

"(1) I charge you, gentlemen of the jury, that if you believe, from all the evidence, that the fence alleged to

have been destroyed was on the land of defendant you should find defendant not guilty.

"(2) I charge you that if you believe, from all the evidence, that the fence alleged to have been destroyed was erected on the land it separated, the land of defendant from the land of Mauldin, you should find defendant not guilty.

"(3) If you believe, from all the evidence, that Mauldin erected the fence alleged to have been destroyed on defendant's land, even though he believed at the time that he was erecting it on his own land, you should acquit defendant.

"(4) If you believe, from all the evidence, that Mauldin erected the fence alleged to have been destroyed on defendant's land, even though he believed at the time that he was erecting it on the line separating his own land from that of defendant, you should acquit the defendant."

"(6) If you find, from the evidence, that part of the rails that went into the fence in question were taken from an old fence on defendant's land, then defendant had a right in the fence, and you should acquit him.

"(7) Affirmative charge.

"(A) If you believe, from the evidence, that the fence said to have been destroyed was a partition fence, you must acquit the defendant.

"(B) If you believe, from the evidence, that the fence said to have been destroyed was the old fence torn down by Mauldin and again erected by him on the land of defendant, even though new rails were added, you should acquit him.

"(C) If you believe, from the evidence, that the fence said to have been destroyed was on the land of defendant, you should acquit him.

"(D) If you believe, from the evidence, that the old fence testified about was moved by Mauldin and again erected by him on the line testified by Acree, then you should acquit him.

"(E) I charge you that the fence said to have been destroyed was a fixture, and belonged to the owner of the soil upon which it was located."

"(H) If you believe, from the evidence, that defendant was the owner of the fence which was burned at the time of Acree's survey, and that said fence was on the line, and on the side of the old line testified about on which defendant's land was and is, and on or near the original or old line testified about then and in that event if from Acree's line it was ascertained and determined that it was on Mauldin's land, you must find defendant not guilty."

JONES & JONES, for appellant. The pivotal inquiry in this case was whether the fence was on the land of the defendant or the prosecutor. The court erred in excluding evidence as to the ownership.—*Wheeler v. The State,* 109 Ala. 56; Sec. 5624, Code 1896. Section 3898 applies in this case.—*Garrett v. Sewell,* 95 Ala. 456. The charges requested by the defendant should have been given.—*Boyett v. The State,* 132 Ala. 23; *Wheeler v. The State, supra;* s. c. 115 Ala. 22; *Hill v. The State,* 104 Ala. 64.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. The offense charged is one against possession rather than ownership and the court properly excluded evidence of ownership.—*Wallace v. The State,* 124 Ala. 87; *Hill v. The State,* 104 Ala. 64. On the same authorities, the evidence of the surveys were immaterial. The

court properly refused the requested charges.—*Wheeler v. The State,* 114 Ala. 22. The defendant is not in position to question the action of the court with reference to instructing the jury as to sealing their verdict.—*Dickens v. The State,* 39 South. 14; *Thomas v. The State,* 43 South. 371.

DOWDELL, J.—The defendant, appellant here, was tried and convicted in the court below for a violation of section 5624 of the Criminal Code of 1896, which section reads as follows: "Any person, who unlawfully, maliciously, negligently destroys, throws down, or breaks any fence or inclosure of another, and fails immediately to rebuild or repair the same, must, on conviction, be fined not less than twenty, nor more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months; and the fine goes to the injured party." This statute was construed by this court in the case of *Wheeler v. State,* 109 Ala. 56, 19 South. 993, wherein it was said by the court, speaking through Brickell, C. J.: "A fence, whether there be a permanent annexation to the soil, or if it be of rails so arranged as to constitute an inclosure, is a fixture, a part of the land, and passes with the freehold.—*Mitchell v. Billingsley,* 17 Ala. 391; *Smith v. Carroll,* 4 G. Greene (Iowa) 146; *Seymour v. Watson,* 5 Blackf. (Ind.) 555, 36 Am. Dec. 556. The purpose of the statute is the protection of the owner of the soil, or of tenants or others having possession under him, against trespasses, which prior to the statute were redressed only by a civil action for the recovery of damages. The destruction of a fence by its owner, or the failure to rebuild or repair it, is not within the purview of the statute. The pivotal inquiry in the present case was whether the fence was on the land of the prosecu-

tor or of the defendant. If on the lands of the defendant, there could not, in any event, be a conviction. If it was erected by the prosecutor in ignorance of the true line, the erection was at his own peril, and he was not entitled to remove it when the true line was ascertained."

The case of *Wheeler v. State, supra.* was followed and approved by this court in the later case of *Boyett v. State,* 132 Ala. 23, 31 South. 551. There is no conflict between the case of *Wheeler v. State, supra.* and the cases of *Hill v. State,* 104 Ala. 64, 16 South. 114, and *Wallace v. State,* 124 Ala. 87, 26 South. 932, as supposed by the Attorney General, and which two latter cases are relied on as sustaining the prosecution in the present case. Indeed, the case of *Hill v. State,* 104 Ala. 64, 16 South. 114, is cited in the case of *Wheeler v. State,* 109 Ala. 56, 19 South. 993. As was said in *Wheeler's Case,* the purpose of the statute is the protection of the owner of the soil, or of tenants or others having possession under him, against trespassers. The question, therefore, of possession, is referred to the land on which the fence is built. In *Hill's Case* and in *Wallace's Case, supra,* the question was whether the property in the fence destroyed was properly laid in the indictment in the name of the tenant in possession of the land, and in harmony with the rule stated in *Wheeler's Case,* above, it was decided that the offense was one against the possession, and hence was properly charged in the indictment as the fence of the tenant. We have no such question here, but here, as in the *Wheeler Case,* the prosecutor and defendant were coterminous proprietors, and the pivotal inquiry here, as there, was whether the fence was on the lands of the prosecutor or of the defendant. The trial court in the present case, both in its rulings on the introduction of evidence and in the

instructions given to the jury, overlooked the rule of law in such a case, as laid down in *Wheeler v. State, supra,* and consequently was in error.

Section 3898 of the Code of 1896 exerts no influence on section 5624, under which latter section the present prosecution is had. Section 3898 reads as follows: "When a survey of land is made by a county surveyor for the purpose of straightening or locating section or other lines, the owners of fences or buildings erected on or near the original or supposed lines shall not lose their right to the same, when the survey places the fences or buildings upon the lands of others." This statute, we think, can mean nothing more nor less than that the party who erected the fence or building shall not lose his right to the material in the structure. Certainly it does not mean that he may continue to maintain it as a fence or building, for to do so would in effect be to appropriate to him the land or soil on which the fence or building was erected, and to take from the true owner his land without due process of law, a thing not within legislative competency. The purpose of the statute is to prevent one who innocently and through mistake erects a fence or building on the land of another from losing the material used in such structure. The effect of the statute is to convert the fence or building into personal property, which otherwise would be a fixture and become a part of the reality. Upon this theory, in *Garrett v. Sewell,* 95 Ala 456, 10 South. 226, an action in trover for the conversion of rails was upheld, where the defendant removed a fence which had been erected on or near the line and had been treated as a partition fence. The statute (section 3898) was cited in that case.

[Edgar v. The State.]

If A. should erect his fence on B.'s land 40 or 50 yards beyond the true line between him and B., as was proposed to be shown in the present case, but was not allowed, would any one doubt the right of B., to go and erect his own fence on his own land near the line, and thereby place the fence erected by A., within his (B.'s) inclosure, and having done so, to warn A., under the penalty of the statute, to keep off his (B.'s) land, and by so doing prevent A., from going upon the land, except, perhaps for the sole purpose of removing the rails in the fence, he (A.) had erected, and the right of property in which was reserved to him by section 3898. The evidence offered, moreover tended to show that the prosecutor was notified by the defendant, when he was erecting the fence in question, that he was placing it on the defendant's land. Besides, there was no evidence showing any survey for the purpose of straightening the line within the contemplation of section 3898. We are unable to see how this section has any application to the case in hand.

What we have said sufficiently indicates the errors committed by the trial court, and for which the judgment appealed from must be reversed.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur. SIMPSON and McCLELLAN, JJ., dissent.

McCLELLAN, J.—(dissenting.) There was evidence presented on the trial from which the jury was authorized to infer that Mauldin, after a survey by Acree, a county surveyor, of the line between his land and that the defendant, Edgar, erected on that line, or near thereto, the fence alleged to have been destroyed by the defendant. It was undertaken to be shown,

[Edgar v. The State.]

for the defendant, that the fence was really, under a subsequent true survey by Acree and another surveyor, on the land of the defendant. The court disallowed the testimony. This, in the view of the majority, was error; and authority for the conclusion is found in *Wheeler's Case,* 109 Ala. 56, 19 South. 993. That case is clearly unsound, since its whole base is constructed upon the idea that the fence there destroyed was on the land of the defendant, and under the general rule was his property, and its destruction was, therefore, not of the fence of another within the statute (Code 1896, § 5624); whereas by the statute, (Code 1896, § 3898) it was provided that, "when a survey of land is made by a county surveyor for the purpose of straightening or locating section or other lines, the owners of fences or buildings erected on or near the original or supposed lines shall not lose their right to the same, when the survey places the fences or buildings upon the lands of others." The facts present in the *Wheeler Case, supra,* brought the fence there in question within the saving provisions of the quoted statute. It is plain that the court overlooked the statute in its decision of the *Wheeler Case.* Likewise the facts in this case bring the fence built by Mauldin on or near the first Acree line, within the first provision of the statute (Code 1896, § 3898.) So whether the fence was on the defendant's land or not was wholly immaterial, as controlling the guilt or innocence of this defendant.

I think the court below correctly applied the law in excluding the testimony of ownership of the land, and that the judgment rendered should be affirmed.