# Marbury Lumber Co. *et al. v.* Lamont.

### *Trespass to Realty.*

(Decided Nov. 24, 1910.   Rehearing denied. Dec. 22, 1910.
53 South. 773.)

1. *Trespass; Lands; Evidence Mitigating Damages.*—Where the action was for trespass to land by removing a house therefrom, the defendant on proof of his ownership to the house may invoke in mitigation of damages the provisions of section 6026, Code 1907, under the plea of the general issue.

2. *Same; Jury Question.*—Under the evidence in this case it was a question for the jury whether or not in erecting the house shown to be on the lands of another by a subsequent survey, the defendant believed in good faith that it was on his own land, so as to entitle him to the material therein and not to render him liable for trespass for removing it.

3. *Same; Instructions.*—Where the evidence was uncertain as to whether the house was on the plaintiff's land or on defendant's adjacent land, a charge asserting that there was no evidence of the taking and carrying away of any property of plaintiff, and that the jury could not estimate any damages on account thereof, was invasive of the province of the jury, and properly refused.

4. *Same.*—Where the only witness who knew of the boundary line between plaintiff and defendant was not positive that the house alleged to have been removed was on plaintiff's land, a charge which assumed that the house removed was on plaintiff's land was erroneous.

5. *Same.*—Where it appeared that defendant's grantor built a house on land subsequently shown to belong to plaintiff and one of the issues under the evidence was whether the defendant's grantor knew when he built the house that it was on the lands of another, a charge asserting that fourteen years was not a reasonable time within which to remove the house assumes that the builder knew that the house was on the land of another when he built it, and was erroneous.

6. *Same.*—In an action for trespass to land, a charge asserting that if the jury believe that the trespass was malicious, they might assess exemplary damages assumed that a trespass was committed, and was erroneous.

7. *Same; Right to Recover.*—In order to recover in trespass to land by the removal of a house therefrom, the plaintiff is under the necessity of showing possession either actual or constructive, of the house at the time, and where he relies on constructive possession under title, he must show that the house was on his land.

8. *Improvements; Location by Mistake; Boundary.*—The purpose of section 6026, is to prevent one who innocently and mistakenly erects a building on the land of another from losing the materials in the structure; and where the location of a boundary line is doubtful and improvements are made under the honest belief that they are not placed on the land of another, the person making such improvements does not lose the right to the ownership thereof, though a subsequent survey places them on the land of another.

9. *Same; Effect of Making; Removal.*—Where one did not know positively that a house previously erected by him was on the lands of another until after survey, it was not incumbent on him to remove the building until after the ownership was settled by the survey, although it might have been constructed for many years prior thereto.

10. *Appeal and Error; Instructions; Partly Bad; Exception Thereto.*—Where part of a charge is bad and confusing and the other part good, the court will not be put in error for giving it if the exception thereto does not separate the bad from the good.

(Dowdell, C. J., Sayre and Evans, dissent in part.)

Appeal from Autauga Circuit Court.

Heard before Hon. E. J. Garrison, Special Judge.

[Marbury Lumber Co. et al. v. Lamont.]

Action by Mary B. Lamont against the Marbury Lumber Company and others for trespass to land. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The trespass counted on is entering upon the lands of the plaintiff and tearing down and removing a house, or a part of the house and using the materials so taken away to build or repair a house on the lands belonging to the defendant. The contention of the defendant was that the houses were built by mistake across the line on Mrs. Lamont's land, and were used by them for some years as tenant houses until 1905, when a survey was made showing the houses to be on the land deeded to Mrs. Lamont. There was evidence pro and con as to the knowledge of the defendants of the line in question, or, rather, of his predecessor in title.

The court gave the following charges at the instance of the plaintiff: (B) "I charge you that 14 years is not a reasonable time in which to remove property." (A) "If the jury believe that the trespass was malicious, they may assess exemplary damages in their discretion for the effect upon and example to the community."

The following charges were requested by the defendant: (4) "Under the evidence in this case, I charge you that there is no evidence of the taking or carrying away of any property of the plaintiff, and you cannot estimate any damages on account of such."

The following part of the oral charge was objected to.: "Now, on the other hand, if the Marbury Lumber Company knew that this was the property of another, and they went and, with utter and gross carelessness, and willful violation of the law and utter disregard of another's rights, did, or had done, this act, why, of course, from the evidence, if you should so decide, it

would be your duty to find for the plaintiff; and, furthermore, if you should find for the plaintiff, then there comes another point as to the amount of damages. The actual damages, as I have said, have been proved. The next point will be as to the punitive damages. I charge you, if you find punitive damages, if you find from the evidence the parties did it in a wilful, reckless, wanton, or malicious violation of the law and rights of others, if the evidence has so impressed you, why, then, of course, you should give such damages as you see proper."

RAY RUSHTON, for appellant. The defendant was entitled to take advantage of the provision of section 6026, Code 1907, and to adduce proof to show his honest belief and intention in erecting the house, under the plea of the general issue. Counsel also discusses other assignments of error relative to evidence, but without citation of authority. Counsel further insists that the court was in error in its oral charge as to punitive damages.—*Coleman v. Pepper,* 159 Ala. 310. Counsel also insists that the court was in error in submitting the question of punitive damages in this case to the jury.—*Cox v. B. R. L. & P. Co.,* 50 South. 975; *Snedicor v. Pope,* 143 Ala. 275; *L. & N. v. Bizzell,* 131 Ala. 436; *Garrett v. Sewell,* 108 Ala. 521; *Wilkerson v. Searcy,* 76 Ala 176; *Alley v. Daniel,* 75 Ala. 403. The defendant was entitled to the affirmative charge.—*Edgar v. The State,* 156 Ala. 147. An act done in good faith cannot be made the basis of exemplary damages. —*Burns v. Campbell,* 71 Ala. 271; *Wilkerson v. Searcy, supra;* 13 Cyc. 271.

GUNTER & GUNTER, for appellee. The court in its oral charge left it to the jury to determine whether a

trespass had been committed and whether under all the facts and circumstances plaintiff was entitled to exemplary damages.—*Alley v. Daniel,* 75 Ala. 407; *Leinkauf v. Morris,* 66 Ala. 406; *DeVaughan v. Heath,* 37 Ala. 595. The appellant is in error as to his construction of section 6026, Code 1907, as the evidence discloses that there was notice of claim or title in another which is fatal to a claim for improvement.—*Gresham v. Ware,* 79 Ala. 192; *Gordon v. Tweedy,* 74 Ala. 232; *Williamson v. Jones,* 38 L. R. A. 649; *Lutton v. Badham,* 53 L. R. A. 337; *Searl v. School District,* 133 U. S. 561. The defendants had the right of ingress and egress for certain purposes only, and when it departed from those purposes it became a trespasser.—*Snedicor v. Pope,* 143 Ala. 275; *Jones v. N. O. & S. Assn.,* 70 Ala. 227; *Horton v. Sledge,* 29 Ala. 478; *Cannon v. Copeland,* 43 Ala. 252; *Jones v. Shufflin,* 72 Am. St. Rep. 849. Counsel discuss other assignments of error, but without citation of authority.

ANDERSON, J.—There was evidence from which the jury could infer that the defendant committed the trespass, as charged in the second count of the complaint, and the trial court did err in refusing the general charge requested by the defendant. Whether the defendant was or was not the owner of the house in question, under the terms of section 6026 of the Code of 1907, was a question for the jury, and whether or not ownership of the house gave the right to enter upon the plaintiff's land and remove it we need not decide, as the deed reserved this right, in case, of course, the defendant owned the house, as the right reserved by the deed was to go upon the land for lawful purposes only. Moreover, even if the defendant owned the house and had the right to go upon the land to re-

move same, it is questionable ·if it should not be specially pleaded, to operate as a complete defense, and which was not done, as the only plea interposed was the general issue. The defendant had the right, however, under the general issue, to invoke section 6026 of the Code, if the owner of the house thereunder, in mitigation of damages.—*Stephenson v. Wright,* 111 Ala. 579, 20 South. 622. Said section reads as follows: "When a survey of land is made by a county surveyor for the purpose of straightening or locating section or other lines, the owners of the fences or buildings erected on or near the original or supposed line shall not lose their right to the same, when the survey places the fences or buildings upon the lands of others." It is evident that this section was intended to remove the rigor of the common law by preventing the loss of improvements made by one on the lands of another on or near the dividing line, but only when made upon the supposition that they were being erected on his own land or on the dividing line, and not when knowingly placed upon the lands of another. As was said in the case of *Edgar v. State,* 156 Ala. 147, 47 South. 295: "The purpose of the statute is to prevent one who innocently and through mistake erects a fence or building on the land of another from losing the material used in such structure." If, therefore, the defendant or its predecessor knew, when the house in question was erected, that it was being placed on the lands of another, then it was so placed at the peril of the erector, and who can derive no benefit from section 6026. On the other hand, if the location of the line was doubtful and the improvements were made under the honest belief that they were not being placed on the land of another, the party making the same does not lose the right to the material, notwithstanding a subsequent survey, by the county sur-

veyor, places them upon the lands of another. The house in question was very near the line, and it was not definitely located on the plaintiff's land until 1905, if then, but had been used by the Marbury Company, through its servants or tenants, for several years between the construction of same and the said survey made by the county surveyor in 1905. True, there was proof that the elder Marbury, who had the houses built, had notice before the final completion of the one in question that the land upon which it was placed was owned or claimed by another. The proof is not conclusive, however, that he knew it was not his land, or that he got the information as to the claim or ownership of another before he ordered the house erected or before it was practically completed. The witness Welch stated that, when he had the conversation with Mr. Marbury, the house lacked only about an hour's work of being completed, and the fact that Marbury attempted to intercept the construction of same was a circumstance for the jury, which might tend to show that when he ordered it built he was under the impression that it was on his land and desired to stop it after hearing that it was over the line, indicating that he did not intend putting it on the land of another. It was a question for the jury to determine whether or not the elder Marbury knew, when ordering the house erected, that it was to be placed on the land of another. He may have gotten the information that it was not his land after he ordered it built, or the information he got may not have been absolute or convincing to him that it was not his own land. Charge B, given at the request of the plaintiff, was bad. It, in effect, assumes that the defendants or those under whom they claim knew when the house was built or 14 years before the trial or removal that it was on the land of another,

when it was a question for the jury to determine, if they ever knew, before the survey of 1905, that it was on the land of another. It is true the charge is predicated on a right to remove and fixes 14 years as a reasonable time, but it assumes that the true location was known 14 years ago, which was a jury question, as the defendants may not have known until after the survey that the house was on the plaintiff's land. The elder Marbury may have heard of the land being owned or claimed by another, yet may have entertained a doubt on the subject and which may not have been clearly or conclusively settled until the survey made in 1905. It also states the bald fact that 14 years is not a reasonable time within which to remove property, and which is not necessarily accurate in all cases, and especially when applied to the defendants' theory of the case at bar. If the defendants did not know positively until after the survey of 1905 that the house was on the land of another, it was not incumbent upon them to remove it until after the ownership was settled by the county surveyor, although it may have been constructed for 14 years or longer.

The trial court also erred in giving charge A upon the request of the plaintiff. It assumes a trespass, which fact was a question, under the evidence, for the jury. The plaintiff in order to make the act of the defendants in removing the house a trespass had to show possession, actual or constructive, of the house at the time. She was not in the actual possession of the house, but relied upon constructive possession, under title to the land, and had to show that the house was on her land in order to make the defendant a trespasser under any aspect of the case. This she did not do beyond dispute, as it was for the jury to determine whether or not the

house that was injured or removed was on the plaintiff's land. The only witness who seems to know the exact location of the line between the plaintiff and defendants was by no means positive or certain that the house in question was on the plaintiff's land. This witness Picket, the county surveyor, did say that it was his impression or recollection that the house in question was on the plaintiff's land; but, when he made the map of her land shortly after the survey, he put the other house on it and left this one off, admitted he had only a faint recollection of the house near the trestle, which he did not indicate on the map when he made it. He was subsequently approached by a brother of the plaintiff, and urged to put this house on the map, and states: "Then I thought about it, and I said: 'Well, it seems to me there was a house there, but I won't be sure, and I will put it in pencil, not in ink, but in pencil.' I had a faint recollection that the house was there. That is all. My best recollection is the house is about where the pencil mark is. I would not be positive, but to the best of my recollection it is about the pencil mark. To the best of my recollection it is on Mrs. Lamont's land." We do not think that the house was located on the land of the plaintiff with such a degree of certainty as to authorize the court in assuming that it was, which was the effect of plaintiff's given charge A, but think that its location was a question for the jury, and that said charge was an invasion of their province.

It is true that some of the oral charge excepted to is involved and perhaps confusing but some of it is sound and the exception does not separate the bad from the good, if any of it is bad, which we need not decide, as the trial court would not be reversed on account of same.

Charge 4, requested by the defendant, was properly refused. It was a question for the jury as to whether or not so much of the house as was taken and carried away belonged to the plaintiff or defendant.

There was no merit to the objections to the evidence. The Jim Harris house was not involved in the controversy.

For the errors above noted, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur in the conclusion and in the opinion, except in so far as it holds that the refusal of charge B was reversible error. They think the charge states the law in the abstract, but is misleading when referred to the facts in the case, and could have been refused, but do not think that the giving of same was reversible error.

