(123 So. 102)

### GREER et al. v. STATE.  (4 Div. 471.)

Court of Appeals of Alabama.   June 18, 1929.

J. W. Kelley, of Phenix City, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.   Appellants were jointly indicted, tried, and convicted, for and of the offense denounced by Code 1923, § 3198—living in adultery or fornication.

The verdict of the jury was as follows: "We the jury find the defendants guilty and impose fines of $100.00.   Omar Hill, foreman."

Upon this verdict they were, by the court, adjudged guilty, and sentenced in the following language: "It is ordered and adjudged by the Court that the defendants James T. Greer, and Louise Bowden, are guilty upon the verdict of the jury.   It is ordered and adjudged by the Court that the defendants James T. Greer, and Louise Bowden, are hereby sentenced to hard labor for Russell County, for a period of thirty days to pay the fines, and for an additional period of 43 days to pay the cost at $.75 per day, and for an additional period of three months, punishment added by the Court."

The appeal is on the record proper, without bill of exceptions, and the questions apparent are whether or not the verdict of the jury was such that an adjudication of guilt could be rested thereon, and whether or not the adjudication of guilt as made was sufficient to authorize the sentence imposed, and whether or not said sentence is definite and legally intelligible.

In the first place, we may say that it was not necessary that the jury find by their verdict *which one* of the related charges of *adultery*, and *fornication*, the defendants were guilty of; they being tried under an indictment, charging them with living in adultery or fornication, in the form prescribed by the Code (Code 1923, § 4556, form 69).   Stone v. State, 9 Ala. App. 66, 64 So. 158.

The verdict of the jury in this case is subject to no more effective criticism than was the verdict of the jury which was discussed in the opinion in the case of Davis v. State, 8 Ala. App. 147, 62 So. 1027, and there held to be sufficient.   We likewise hold the verdict here to be sufficient.   It leaves nobody, certainly not the court, in doubt as to the fact that the jury intended to assess a fine of $100 against each appellant.   Davis v. State, supra; Ex parte Davis, et al., 184 Ala. 26, 63 So. 1010.

The judgment of the court, while subject to the same criticism as that of the judgment mentioned in the opinion in the case of Newman et al. v. State, 160 Ala. 102, 49 So. 786, yet, we hold, is sufficient.

The case of Perry et al. v. State, 149 Ala. 40, 43 So. 18, cited and relied upon by appellant, as showing reversible error to be apparent in the verdict and judgment above, may be distinguished here, just as it was in the case of Davis v. State, supra.   We see no need to repeat what was there said.

We find no prejudicial error, and the judgment is affirmed.

Affirmed.