# Bryan  v.  Stewart.

### Injury to Invitee.

#### (Decided November 4, 1915.　70 South. 123.)

1. *Landlord and Tenant; Injury to Tenant; Explosives.*—Where
plaintiff was defendant's tenant, and lived in a house on the farm,
and engaged in labor thereon, he had a right or an implied invitation
to go into the tool house, and this invitation embraced members of
his family ; hence, his children whom he had sent into the tool house
on an errand, and who there took dynamite caps, the explosion of
which subsequently injured them, were not trespassers.

2. *Same; Care as to Explosives; Children.*—Where the tenant had
a family of small children, and was furnished a house on the farm,
the landlord, while having a right to keep explosive dynamite caps
in a tool house near the home of defendant without being respon-
sible as an insurer, was bound to exercise a degree of care com-
mensurate with the dangerous quality of explosive, enhanced by the
fact that the children were impliedly invited and likely to go or be
about the. tool house.

3. *Same.*—Under the evidence in this case, it was a question to
be determined by the jury as to defendant's care in storing the dyna-
mite caps in the tool house.

4. *Damages; Injury to Children; Nursing.*—Where plaintiff sought
damages for injury to his children from the explosion of dynamite
caps he might recover the value of his services in nursing and caring
for the injured children.

5. *Appeal and Error; Assignment; Good in Part.*—Where the
assignment was to a part of the court's oral charge, a portion of
which was unobjectionable, it was not availing.

6. *Bills of Exceptions; Construction.*—The recitals of a bill of
exceptions are always construed most strongly against the exceptor.

7. *Damages; Injury to Children; Nursing.*—Where plaintiff testi-
fied that his services in nursing and attending to the injured chil-
dren was $1.50 per day, his further testimony that he made three
trips on their account, involving an expense of $2.00 for each trip,
was admissible.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by H. E. Stewart against E. J. Bryan. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The gravamen of the first count is that defendant negligently exposed or allowed to be exposed a dynamite cap or other dangerous explosive on the premises of defendant, where plaintiff's two minor children (naming them), aged, respectively, two and six years, were invited to be by defendant, as a proximate consequence of which said children, or one of them, came into possession of said dynamite cap or other dangerous explosive, a particular description of which is unknown to plaintiff, which exploded, injuring plaintiff's said minor children. Here follows catalogue of injuries. Count 2 alleges, in effect, that plaintiff was employed by defendant as a laborer on defendant's premises in Blount county, and that defendant furnished plaintiff a dwelling house for himself and family, including his two minor children, names and ages as set out in count 1, and that defendant negligently kept or allowed to be exposed in a certain shop or building on his premises, and near the dwelling of plaintiff, and where plaintiff's minor children would likely and probably go, a certain dangerous explosive, and which said explosive came into possession of plaintiff's said minor children, or one of them, and exploded then and there, and thereby injuring said minor children as set out in said count. The facts sufficiently appear.

The ruling on evidence as set forth in the first assignment of error is as follows: The trial court erred in allowing witness H..E. Stewart to answer the following question: "Since they were hurt, I mean in nursing and treating them?" To which question witness answered:

[Bryan v. Stewart.]

"I made three trips, that in necessary expenses, car fare, was $2 for each trip."

The sixth assignment of error is as follows: The trial court erred in giving that part of the oral charge as follows: "In case you find for plaintiff, and you come to the qustion of damages that you will award him, then he would be entitled to recover within the amount named in the complaint just such an amount, in your sound judgment, as will compensate him for the injury that he has sustained by reason of the injuries sustained by these boys, to this extent, compensation for his lost time in nursing and caring for his children, compensation for any amount of money that the evidence may reasonably satisfy you that he expended in and about their treatment, compensation in an amount as you think will reasonably repay him for any injury that he may have sustained by reason of the depreciated earning capacity of the child during his minority, because the father is entitled to the earnings of the child until he is 21 years of age, and if by reason of the negligence of defendant that earning capacity has been lessened, and you can reasonably measure that lessening in dollars and cents, then he would be entitled to recover that amount that, in your judgment and discretion, you think would compensate him reasonably for that loss, to wit, the loss that he has sustained by reason of the injury and by reason of the lessened ability of the child to earn money for him during his minority—nothing more, because he is not entitled to it beyond the minority of the child."

WARD & WEAVER, for appellant.

RUSSELL & JOHNSON, for appellee.

McCLELLAN, J.—As submitted to the jury, the issues made were those tendered by the averments of

counts 1 and 2. There is no assignment questioning rulings with respect to the sufficiency of these counts. The action is by the father (appellee) for damages consequent upon injuries suffered by his children. The plaintiff was the tenant of the defendant (appellant), and resided, with his family, on the defendant's farm. Near by the dwelling occupied by plaintiff was a toolhouse in which the defendant had placed materials and things used about the farm. Among these things was a red box containing dynamite caps. This box was located in the toolhouse on a shelf about four feet from the floor. The door to the place was not fastened. It usually remained open. The plaintiff's evidence was to the effect that the young children of the plaintiff went upon an errand of the plaintiff into the shop, climbed upon a barrel, took dynamite caps from the unfastened box, and carried them home, where, later, one of them was exploded by one of the children, inflicting injuries upon them. Such caps are highly explosive in character and quality and are very dangerous in ignorant hands. The defense was that the means of injury was something of an explosive character, but not the caps described.

(1) Under the evidence there could be no doubt that these children were not trespassers either upon the premises on which the tool place was located or in the tool place itself. There is no suggestion that the father, the tenant, was without right to send his children on an errand to the unfastened shop. The father's relation to his landlord (the defendant) and to the premises was such as to render his presence there one of right and to characterize it as being by implied invitation at least and to embrace within such invitation members of his family. —*Powers v. Harlow*, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154.

(2) While the defendant had the right to keep upon his premises a dangerous explosive in the, perhaps, limited quantity described in the evidence, and in the exercise of that right was not to be held to the responsibility of an insurer, yet in so doing his duty was to exercise, for the protection of those upon the premises, by invitation, express or implied, a degree of care commensurate with the dangerous quality of the explosive thus kept or stored thereon; and where, as is here shown by phases of the evidence, access to the place of storage of the explosive was unobstructed to neighboring children at play or otherwise, the duty and degree of care on the part of the owner was enhanced by the fact that children were likely to be at, or were customarily about, the place of storage.—*Mattson v. Minn. R. Co.,* 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. Rep. 483, 5 Ann. Cas. 498-504; *Powers v. Harlow, supra.* "Children," said Chief Justice Cooley in *Powers v. Harlow,* a case quite similar in fact and in principle to that under consideration, "wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly."

(3) From the evidence it appears that plaintiff's children were wont to be about, or to pass a way in close proximitey to, the toolhouse where these explosive caps were kept by the defendant, and that the defendant knew that plaintiff's children frequented the way by the toolhouse, and the toolhouse as well. Whether the defendant observed the requisite degree of care an ordinarily prudent person would have observed in storing these dynamite caps on the described shelf, along with rubber belts, etc., in the toolhouse, was, at the very least, under the facts of this case, a question for the jury. The court

therefore did not err in refusing the affirmative charges requested for the defendant. The allegation of the first count that the children were upon the premises by invitation was not, as we have indicated, without support in the evidence.

(4) It is insisted in brief for appellant that the court erred in recognizing as a possible element of damages recoverable by the father the "time lost" by the father in and about nursing and caring for his injured offspring. The measure of the damages recoverable by a parent, on the account mentioned, is the value of his services in nursing and caring for his injured child.—*B. R., L. & P. Co. v. Chastain,* 158 Ala. 421, 48 South. 85; *B. R., L. & P. Co. v. Baker,* 161 Ala. 135, 49 South. 755, 135 Am. St. Rep. 118, 18 Ann. Cas. 477. (On transcript, page 3.) The insistence mentioned is rested upon the ruling of the court on a matter of evidence set forth in the first assignment of error and upon an extract from the oral charge of the court copied in the sixth assignment of error.

(5) As respects the excerpt from the oral charge, it must be held that the assignment is vain because the exception to the excerpt included with that complained of entirely unobjectionable matter of instruction touching the subject of damages recoverable by a parent in this character of action. It is the obligation of the exceptor to separate the bad from the good by his exception to the oral charge of the court; and, if he does not do so, nothing for review is presented, and the court will not be held to have erred in the premises.—*Marbury Lumber Co. v. Lamont,* 169 Ala. 33, 53 South. 773; *W. U. T. Co. v. Burns,* 164 Ala. 252, 51 South. 373.

(6, 7) When the stated insistence is referred to the matter of the first assignment, it is, we think, not justified. The recitals of a bill of exceptions are construed most strongly against the exceptor.—*Dickens' Case,*

142 Ala. 51, 39 South. 14, 110 Am. St. Rep. 17; *Dowling's Case,* 151 Ala. 131, 44 South. 403. Just preceding the propounding of the question set forth in the first assignment, the witness (plaintiff) had testified that the value of his services in nursing and attending to the [injured] child was $1.50 a day. Doubtless the recitals of the bill, in this particular, are susceptible of being interpreted as having reference to the plaintiff's loss of time; but, under the rule of construction before restated, that possible interpretation cannot be accepted. Furthermore, the plaintiff was entitled to be reimbursed the reasonable expenses, incurred in consequence of a due prudence in the care and treatment of the child, on his trips to Birmingham where his child was being treated.—*Ala. City Ry. Co. v. Appleton,* 171 Ala. 324, 328, 54 South. 638, Ann. Cas. 1913A, 1181. To the question propounded to him, as set forth in the first assignment, he replied that he had made three trips to Birmingham. The subject-matter of the question was the nursing and treatment of the child, and, on its face, did not disclose with clearness its own impropriety. There was no motion to exclude the response the witness made thereto.

The errors assigned are without merit.

The judgment is hence affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.