(124 So. 228)
## WRAGG v. COOK. (5 Div. 22.)

Supreme Court of Alabama. Oct. 17, 1929.

Holley & Milner, of Wetumpka, for appellee.

GARDNER, J. Appellee sued appellant in an action of forcible entry and detainer to recover possession of a certain house alleged to be located on plaintiff's land described as S. E. ¼ of N. E. ¼ section 23, township 18, range 17, Elmore county, Ala. On petition of defendant the cause was transferred to the circuit court for trial as an ejectment suit.

It appeared that defendant owned the adjoining 40 described as the S. W. ¼ of N. E. ¼, section 23, township 18, range 17, and that the disputed question of fact related to the true boundary line between these two tracts of land.

The cause was tried in the circuit court on oral proof without a jury, upon the theory of a disclaimer of possession by defendant and issue joined thereon, resulting in a judgment for the plaintiff, from which defendant prosecutes this appeal.

Neither party questions the legal title of the other to the respective 40's above described, and appellant insists that, as both parties claim by government subdivisions and the only question involved was the location of the true boundary lines, evidence of adverse possession to a given point was inadmissible, citing Oliver v. Oliver, 187 Ala. 340, 65 So. 373; Wade v. Gilmer, 186 Ala. 524, 64 So. 611; Smith v. Bachus, 195 Ala. 8, 70 So. 261.

We think this is a misinterpretation of the purpose and effect of the evidence offered by plaintiff. Plaintiff's evidence tended to show a survey of this line some 30 or 35 years ago, and that the true boundary line ran along what is called the Coosada road, and that said road is west of the house for recovery of which this suit is brought. If the true boundary line was as thus indicated, and was west of the house, then the house was located on plaintiff's land as described in the complaint. In addition to this proof as to the true line as surveyed many years ago, plaintiff offered other evidence to the effect that for all of these years, since said survey, the owners of these adjoining 40's treated and considered the road as the true boundary line, and acquiesced therein. The case of Oliver

Tate & Reneau, of Wetumpka, for appellant.

112

v. Oliver, supra, discloses that "acquiescence in such a line would prima facie indicate its verity." To like effect, see, also, Taylor v. Fomby, 116 Ala. 621, 22 So. 910, 67 Am. St. Rep. 149.

The cases of Smith v. Bachus, supra, and Cooper v. Slaughter, 175 Ala. 211, 57 So. 477, suffice to demonstrate the competency of such proof as tending to show the location of the true boundary.

The evidence was not, therefore, as argued by appellant, for the purpose of "arbitrarily moving a fixed government line," but to aid in the establishment thereof by showing long acquiescence in the line as surveyed. For the reasons above outlined, and under the authorities noted, defendant's objection to the question propounded to plaintiff's witness Speigner, and which constitutes the first assignment of error, was properly overruled. There was abundant evidence to sustain the finding of fact by the court that the true boundary line ran west of the house sued for. Indeed, as we interpret the evidence of witness Pickett, an expert, it tends strongly to support such finding.

The only remaining question argued by appellant relates to a ruling on evidence (fourth assignment) to which no exception appears to have been reserved. In the absence of an exception, nothing is presented for review thereon.

We have treated and considered the questions argued in brief of counsel for appellant, and find no error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.