(135 So. 322)

**McDOWELL v. HUTTO et al.**

6 Div. 611.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 25, 1931.

J. B. Ivey, of Birmingham, for appellant.

J. D. Hollis, of Birmingham, for appellees.

BROWN, J.

The verdict of the jury responded to the issue presented by the first count of the complaint—statutory ejectment—and we will only consider questions relevant to the case as presented under that count.

Count 1 was in the form prescribed by the statute, Code 1923, § 9531, Form 32, and the demurrer thereto was properly overruled, Abates v. Timbes, 214 Ala. 591, 108 So. 534.

The facts stated in defendant's pleas 3 and 4 were admissible in evidence under the general issue. The demurrers to said pleas were sustained without error.

Each of the parties made demand on the other, according to the prescription of section 7455 of the Code of 1923, for an abstract of the title upon which he would rely, and each furnished to the other such written abstract.

The two last paragraphs of the abstract furnished by the defendant to plaintiffs were as follows:

"(M) Deed of A. J. Tanner and wife, L. A. Tanner, to Z. D. Hutto and wife, Lecia Hutto, bearing date of April 30, 1927.

"(N) Open, notorious, hostile, and adverse possession of title by and in John McDowell, (J. F. McDowell) defendant in this cause, holding under and by virtue of the deeds, grants, and record proceedings as hereinabove set forth in paragraphs (a) to (m) both inclusive."

This abstract was adduced by plaintiffs in evidence, over the defendant's objection, to show that the plaintiffs and the defendant claimed title from a common source, to wit: A. J. Tanner and wife, L. A. Tanner. And during the first day of the trial the court ruled that any and all evidence showing the state of the title prior to the asserted ownership of A. J. Tanner was immaterial. But subsequently the court reversed this ruling, and held that the plaintiffs must establish their title by evidence independent of the abstract. There is nothing in these rulings of which the appellant can now complain.

It is shown without dispute that the forty-acre tract embracing the five acres in controversy was granted by the United States to William Myrick, and that patent issued therefor in the year 1858, and both parties to this suit claim under Myrick.

The plaintiffs deraigned title through deeds from Myrick to Thomas Campbell, Thomas Campbell to Thomas B. Robbins, the heirs of Thomas B. Robbins to Thomas H. Robbins, Thomas H. Robbins to Andrew J. Tanner, A. J. Tanner to R. C. Tanner, R. C. Tanner to A. J. Tanner, A. J. Tanner to J. M. McGraw, J. M. McGraw to A. J. Tanner, A. J. Tanner to R. C. Tanner, R. C. Tanner to L. A. Tanner, A. J. and L. A. Tanner to the plaintiffs.

The bill of exceptions shows that these muniments of title were offered in evidence, but none of the deeds offered by the plaintiffs are incorporated in the bill of exceptions; therefore it will be assumed that they were sufficient to establish a paper title in the plaintiffs. Perolio et al. v. Doe ex dem. Woodward Iron Co., 197 Ala. 560, 73 So. 197; Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 So. 614; Bryan v. Stewart, 194 Ala. 353, 70 So. 123.

The deed from Mary Ann Halsey and others to Thomas H. Robbins of June 15, 1887, shown to have been delivered to A. J. Tanner at the time of his purchase from Robbins as a link in the chain of title to the property in controversy, was properly admitted in evi-

dence as an ancient document, and the objections of the defendant thereto were overruled without error. Brannan v. Henry, 175 Ala. 454, 57 So. 967; Chamberlain on Ev. § 1103.

The question to the witness A. J. Tanner, "After you sold the land to Mr. Hutto, and executed to Mr. Hutto this deed, did you place Mr. Hutto in possession of the land?" called for a collective fact; and, subject to cross-examination, was permissible. Commonwealth Life Ins. Co. v. Reilly, 208 Ala. 313, 94 So. 294.

The mortgages executed by Campbell and wife and Murphree were adduced by the defendant in evidence without objection, and no injury, if error be assumed, resulted to the defendant from the ruling sustaining plaintiffs' objection to the question put to Tanner on cross-examination seeking to show the execution of said mortgages.

There was nothing in the evidence to show that the final record in the equity case had not been made up, and the files offered as evidence by the defendant and rejected on the objection of plaintiffs were not identified by the register, nor do they appear in the bill of exceptions; therefore error to reverse is not shown. Watts v. Clegg, 48 Ala. 561; Williams v. State, 68 Ala. 551.

The deed executed by the register in chancery was properly admitted in evidence as color of title, and defendant's evidence, tending to show continuous adverse possession for the statutory period, presented a question for jury decision.

Special charge 4, given at plaintiffs' request, assumes that the plaintiffs should recover, and was in substance the affirmative charge, and for the giving of this charge the judgment must be reversed.

In the absence of evidence showing that the chancery court acquired jurisdiction of the parties having title to the property, the register's deed was at most color of title, and therefore the giving of charge 12, if error, was without injury.

The deed executed by Lawler and wife to Thomas H. Robbins, in December, 1886, offered in evidence by defendant, does not embrace the lands in suit, and was not material evidence in the case; therefore, if the court erred in giving charge 17 requested by the plaintiffs, no injury could possibly have resulted therefrom.

Reference to the deed from J. H. Robbins to A. J. Tanner of September 14, 1887, in charges 24 and 25, is clearly a misprision, as there was no such deed in evidence. If requested in this form on the trial to follow, they should be refused.

Charge 28 had a tendency to inculcate the idea that the register's deed was void for all purposes. While it was ineffective under the evidence in this case to vest title, it was evidence as color of title.

Charge 35 given for plaintiffs pretermits some of the elements of adverse possession. Possession, to be adverse, must not only be continuous, but it must be hostile. Bates v. Southern Ry. Co., 222 Ala. 445, 133 So. 39.

The other charges given for plaintiffs have been considered, and we find no reversible error in respect thereto.

Charge 1 (the affirmative charge), requested by defendant, was properly refused. Charge 11 refused to defendant was patently bad, and charge 12 assumed that defendant acquired title through his purchase at the judicial sale, and the evidence in the case did not warrant this assumption.

For the errors pointed out, the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.