27 So.2d 785

**ALLISON v. OWENS.**

**7 Div. 866.**

Supreme Court of Alabama.

Oct. 10, 1946.

Rehearing Denied Nov. 21, 1946.

Obe Riddle, of Talladega, for appellant.

C. W. Stringer, of Talladega, for appellee.

LAWSON, Justice.

This is a statutory action in the nature of ejectment brought by H. Woodfin Owens against Will Allison to recover possession of a tract or parcel of land situated in Talladega County, Alabama, and described in the complaint as "all that part of the Northeast quarter of Northeast quarter of Section 17, Township 19 South, Range 6 East, which lies South of Talladega Creek and West of the old Talladega-Ashland public road, also known as the Socopatoy Road, situated in Talladega County, Alabama."

The case was tried before a jury, and resulted in a verdict and judgment for the plaintiff for the land sued for. The defendant, Allison, has appealed to this court.

The description above set out was sufficient. Bradley et al. v. Ballentine, 246 Ala. 271, 20 So.2d 505. The complaint was in the form prescribed by statute and the demurrer thereto was properly overruled. Form 32, § 223, Title 7, Code 1940; McDowell v. Hutto et al., 223 Ala. 307, 135 So. 322; Abates v. Timbes, 214 Ala. 591, 108 So. 534.

The refusal of a motion to transfer a case from the law docket to the equity docket is not reviewable on appeal from a final judgment in the action. Barber v. Martin, 240 Ala. 656, 200 So. 787; Esslinger v. Spragins, 236 Ala. 508, 183 So. 401; Derzis v. Cox, 223 Ala. 517, 137 So. 306.

In 1856 Mrs. Maria W. Riddle received a register's deed to a tract of land situated in

Talladega County, including the small parcel of land here involved. She subsequently married one Dye, who predeceased her. It appears that Maria W. (Riddle) Dye died ·intestate prior to 1890. She was survived by three sons, Walter D. Riddle, Charles B. Riddle, and J. L. (Jack) Riddle. These sons attempted to divide all of the lands of their mother by an exchange of deeds, but the small parcel .here involved was not included in any of the conveyances. However, the undisputed evidence is to the effect that W. D. Riddle went into possession of this property as early as 1895 and remained in possession, operating a grist mill thereon, until his death in 1917 or 1918. We think the evidence satisfactorily shows that during all this time Walter D. Riddle treated the land in all respects as his own property, claimed to own it in his own right, without accounting to or recognizing any rights in his brothers. J. L. (Jack) Riddle owned the property east of the land with which this suit is concerned and on which W. D. Riddle operated the grist mill. There is evidence to the effect that he considered this property as belonging to W. D. Riddle. The Socopatoy Road was recognized as the dividing line between the property of these two brothers.

There is evidence for the plaintiff which tends to show that after the death of W. D. Riddle the property here in controversy was in the possession of his heirs and their tenants up until January, 1944, when all of the heirs of W. D. Riddle deeded this property, together with other lands, to the appellee, H. Woodfin Owens. Owens' right to recover in this suit is predicated on a claim that his predecessors in title had acquired title· to the property by prescription.

■ As we understand the pleadings, defendant admitted possession of the property sued for, but denied plaintiff's title and right to possession. § 941, Title 7, Code 1940; Nelson v. Hardin, 233 Ala. 614, 173 So. 229.

The defendant based his claim of title on adverse possession beginning since the death of W. D. Riddle and on a deed from one Burton, who conveyed to the defendant property which he had purchased from J. L. (Jack) Riddle.

■ The evidence tending to show adverse possession by Allison is in conflict. He was at one time a tenant of the heirs of W. D. Riddle but it is not clear when this tenancy began or ended. After purchasing the J. L. (Jack) Riddle property from Burton, which, as before stated, was just across the Socopatoy Road from the land here involved, he claims to have had possession of this property for a long period of time. Evidence for the plaintiff is to the contrary.

Now, as to defendant's claim of title through his deed from Burton. He claims an undivided one-third interest. In April, 1920, J. L. (Jack) Riddle and wife deeded to George R. Burton certain of the property which had belonged to his mother and which had been conveyed to him by his brothers. As we understand the evidence, it is not contended that the description of the property ·conveyed in that deed included the property involved in this controversy. However, the deed contained the following provision: "Also any and all other lands owned by grantors in Talladega County, Alabama, whether herein described or not, excepting, however, from said lands all minerals of every kind" etc. In 1931 Olive R. Burton, individually and as administratrix of the estate of George R. Burton, deceased, and as trustee under the will of George R. Burton, conveyed to defendant, Will Allison, the property which had been deeded to George R. Burton by J. L. (Jack) Riddle and wife. This deed from Olive R. Burton to the defendant contains the following provision: "It being intended to convey by this conveyance the lands covered by deed from J. L. Riddle and wife to George R. Burton."

As we understand defendant's contention in this regard, it is this: Mrs. Maria W. (Riddle) Dye owned the property; it was inherited by her three sons; it was not covered in any deeds whereby the lands of their mother were sought to be divided; that, therefore, J. L. (Jack) Riddle owned an undivided one-third interest therein; that this interest was conveyed to Burton by virtue of the provision in the deed that J. L. (Jack) Riddle intended to convey all lands owned by him in Talladega County; and that since Burton's deed to defendant

conveyed all of the property covered by the deed from J. L. (Jack) Riddle to Burton, defendant owns an undivided one-third interest in this property.

Evidence in behalf of the plaintiff shows that the Burtons never were in possession of the property here involved nor did they consider that the deed from J. L. (Jack) Riddle covered this land.

The general charge with hypothesis as requested by defendant was refused and this action of the trial court is assigned as error. We think the affirmative charge was correctly refused the defendant. Walter D. Riddle had possession of the property for more than twenty years and although at the time he went into possession the title was in his brothers as well as himself, there is ample evidence to rebut any presumption of subserviency to the rights of his cotenants. Bailey v. Bond et al., 237 Ala. 59, 185 So. 411. We think there can be no doubt under the decisions of this court that there is sufficient evidence to warrant a finding by the jury that Walter D. Riddle acquired an exclusive title to this land as against his cotenants under the doctrine of prescription and repose. Direct authority for this conclusion is found in the cases of Johnson v. Toulmin, 18 Ala. 50, 52 Am.Dec. 212; Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann.Cas.1915C, 1226; Miller et al. v. Vizzard Investment Co. et al., 195 Ala. 467, 70 So. 639.

As to defendant's contention that he acquired title by adverse possession after the death of W. D. Riddle, we have heretofore pointed out that the evidence on that question was in conflict and was a matter for the jury's determination.

Defendant's Charges 3, 4 and 5 were correctly refused. They are to the effect that Walter D. Riddle could not obtain title to the land here involved except by deed from his brothers.

An objection not made until after a responsive answer by the witness comes too late for the defendant to be entitled to review of the matter here. Hudson v. State, 137 Ala. 60, 34 So. 854; Miller v. State, 130 Ala. 1, 30 So. 379; Charlie's Transfer Co. v. W. B. Leedy &

Co., 9 Ala.App. 652, 64 So. 205. Therefore, we will not discuss defendant's assignments of error 8, 9 and 13. Moreover, there was no exception taken to the ruling of the trial court made the basis of the 9th assignment of error. In the absence of an exception nothing is presented for review thereon. Wragg v. Cook, 220 Ala. 111, 124 So. 228.

Assignment of error No. 10 is without merit. The question made the basis of this assignment was not answered. Gilliland v. Dobbs, 234 Ala. 364, 174 So. 784; Harrison v. Mobile Light & Railroad Co., 233 Ala. 393, 171 So. 742.

Assignments of error 11 and 12 are not sufficiently dealt with in brief to invoke review by this court. Hodge v. Rambo, 155 Ala. 175, 45 So. 678; Edwards v. Tabb, 242 Ala. 209, 5 So.2d 770.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.