29 So.2d 217

### BENNETT v. STATE.
### 4 Div. 412.

Supreme Court of Alabama.

Feb. 20, 1947.

J. B. Hicks, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

The appellant was indicted for murder in the first degree, and upon trial in the Circuit Court of Russell County, Alabama, was convicted of murder in the second degree, and his punishment fixed at 25 years imprisonment in the penitentiary. From the judgment of conviction and sentence rendered thereon, he prosecutes this appeal.

The evidence for the State tended to show that Allen Jackson, Jr., a negro man, met his death at "Stewart's Place," a dance hall in Phenix City, Russell County, Alabama, at about 6:30 p. m. on November 11, 1945, as a result of stab wounds inflicted by appellant in a fight over one Annie Pearl Upshaw, a young negro girl; that Annie Pearl was standing outside the dance hall when appellant caught her by the hand and began pulling her up the road, she resisting; that deceased came out of the dance hall and went up the road towards appellant and Annie Pearl; when deceased reached appellant and Annie Pearl, he (deceased) slapped Annie Pearl, and she ran back to the dance hall, and it was discovered that she had a knife wound in her back; that deceased followed Annie Pearl back to the dance hall, and was in turn followed by appellant. That a fight between appellant and deceased took place in front of the dance hall, and deceased was cut several times, and died en route to the hospital as a result of the knife wounds received in the fight. Annie Pearl testified that she did not know who cut her, but that she saw only one knife, and that was in the hand of appellant.

Appellant offered evidence tending to show that he and Annie Pearl had been sweethearts, but were not seeing each other at the time of the difficulty. He further testified that he was in the dance hall dancing with another girl by the name of Mary Echols, but known as "Little Honey," when Annie Pearl came in and pinched him, and that he followed her outside the hall, that they went up the road about a block, and were standing in the road talking when de-

ceased. came up and slapped Annie Pearl; that Annie Pearl ran back to the dance hall, and deceased ran after her; that he (appellant) went back to the dance hall, and that when he got there deceased was standing in the middle of the road with a brick in his right hand and a knife in his left; that deceased threw the brick at him, but missed, and then changed the knife from his left hand to his right; that he (appellant) "ran into" deceased and cut him. Appellant testified that he did not cut Annie Pearl.

■ The foregoing, together with other evidence, which we deem unnecessary to set out, is ample to support the finding of the jury.

Only three objections were made in the examination of witnesses. In each instance objection was interposed by the State. Two of the objections were sustained, and in the third instance no ruling of the court was invoked.

■ Where objection is made and no exception reserved to the court's ruling thereon, we cannot, of course, put the trial court in error, for it is elementary, in the absence of an exception to the trial court's ruling upon the admission of testimony, nothing is presented for consideration by the appellate court. Wragg v. Cook, 220 Ala. 111, 124 So. 228; Peters v. State, 240 Ala. 531, 200 So. 404; Gray v. State, 30 Ala.App. 190, 6 So.2d 901.

No exception was reserved to any part of the trial court's oral charge. In fact, counsel for both the State and appellant announced that they were "satisfied" with it.

The indictment is in due and legal form, as is the verdict of the jury and the judgment rendered thereon. Appellant made no motion for a new trial in the court below.

The conduct of the trial was fair and impartial, and prejudicial error is nowhere apparent.

The cause is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.