44 So.2d 748

### JONES v. MULLIN et al.
#### 4 Div. 568.

Supreme Court of Alabama.

March 2, 1950.

Patterson & Patterson, of Phenix City, for appellant.

332

Smith & Smith and H. A. Ferrell, of Phenix City, for appellees.

**STAKELY, Justice.**

This is a suit brought by S. Robin Mullin and others doing business as partners under the partnership name of The Mullin Company against Marion J. Jones to recover for labor done and materials furnished in the repair of a motor truck and tractor belonging to the defendant. The procedure was taken and a lien sought pursuant to the applicable statutes. Section 25 et seq., Title 33, Code of 1940. The defendant filed pleas of the general issue, payment, set-off and recoupment. There was verdict and judgment for the plaintiff.

This is the second appeal in this suit. For a full understanding of the case reference is made to the opinion of this court on the first appeal. Jones v. Mullin, 251 Ala. 501, 38 So.2d 281. While the suit is for work and repairs on both truck and tractor of the defendant, the main controversy is with reference to the tractor. Tendencies of the evidence showed the following. The tractor was delivered to the place of business of The Mullin Company in Phenix City on March 28, 1947 and on April 28, 1947 it was returned to Marion J. Jones with the repairs completed. The tractor was a model of '39 or '40 and was purchased by Marion J. Jones from the War Assets Administration at Fort Benning, Georgia, from which point it was carried to The Mullin Company for repairs. It was known as a T D 18 tractor and was the largest tractor built by International Harvester Company during 1939 and 1940. Its purchase price was a substantial amount. During the time the tractor was being repaired Marion J. Jones was in and about the place of business of The Mullin Company aiding in the repair, procuring parts and observing their installation.

Tendencies of the evidence further showed that after its delivery back to Marion J. Jones it was carried to the home of T. D. Hedgecock near Columbus, Ga. for use in building a fish pond. From that place it was carried to the premises of R. C. Raiford, just off the Summerville Road in Phenix City and after being used there it was carried to the place of Albert McCann, a distance of several miles and from this point it was carried to the place of M. M. Dudley, a distance of about 12 miles. The tractor was moved under its own power from the place of R. C. Raiford to Albert McCann and from there to the premises of M. M. Dudley. After being given some minor repairs at this last place it was then taken to Marshall Burkes' place, a distance of several miles by the method of "walking" the tractor.

Tendencies of the evidence further showed that the repairs had been made in a workmanlike manner, but that the tractor after the repairs had been made was used by Marion J. Jones in an improper manner before it had been broken in and thereby damaged. Further the tractor had been damaged when it was moved from the Hedgecock place to the Raiford place because the truck and trailer carrying the tractor became lodged in an unusual position. An effort was made to remove it from the trailer with the result that it became elevated at one end. While in that position it was operated for a considerable time resulting in its damage.

Tendencies of the evidence further showed that the amount due had not been paid, including cost of transportation from Fort Benning to the place of business of The Mullin Company and the cost of parts purchased by The Mullin Company in Montgomery and Atlanta.

Tendencies of the evidence also showed that the work had not been done in a

workmanlike manner and under his pleas Marion J. Jones sought recovery of damages caused by the alleged failure and inability of the tractor to do the work for which tendencies of the evidence showed he had contracts. As stated the issues in the case were submitted to the jury and were resolved in favor of the plaintiff. The defendant filed a motion for a new trial which was overruled.

Assignment 3. The court refused to qualify the jury with reference to their indebtedness to the Phenix-Girard Bank. The defendant sought to have the jury so qualified on the ground that the President and one of the Vice Presidents of the bank were members of the plaintiff partnership. There was no error in the ruling. While § 52, Title 30, Code of 1940 confers on the parties the right, under direction of the court, to examine the jurors within proper bounds as to any matter that might tend to affect their verdict, this section does not enable a party to require the court to put questions as to such matters to the jury. Ballard v. State, 236 Ala. 541, 184 So. 260; Cox v. Roberts, 248 Ala. 372, 27 So.2d 617.

Assignment 9. The court refused to allow appellant to show by J. V. Brown on cross-examination that Palmer Mullin, a banker in Columbus, Ga. "was a brother to one of the Mullins, a plaintiff in the case." The witness had testified that he did business and owed a few dollars to the Columbus Bank & Trust Company when Palmer Mullin was vice president. Obviously the relationship between the witness and the bank in Columbus had nothing to do with the present case even though one of its officers was related to the members of the plaintiff partnership. There was no error in this regard.

Assignment 4. The witness Sergeant T. D. Hedgecock was asked the following question in behalf of the appellees. "I will ask you whether or not the motor on the tractor operated and performed as it should?" The question was objected to on the ground that it called for the conclusion of the witness. The court then stated. "He can ask if the tractor was running all right." The witness was then asked without objection. "How did the tractor run?" No exception was taken to the ruling of the court. It is sufficient to say that in the absence of exception we cannot review the ruling. South Central Tel. Co. v. Corr, 220 Ala. 127, 124 So. 294; Wragg v. Cook, 220 Ala. 111, 124 So. 228.

Assignment 6. We quote this assignment as follows. "The trial court erred in allowing the plaintiff to prove by the testimony of C. B. Hewitt what was customary with other companies and other jobs over the timely objections and exceptions of the defendant." The first question to which this assignment might refer was not answered. Allison v. Owens, 248 Ala. 412, 27 So.2d 785. The witness was then asked the following question. "What is the trade practice on jobs of this kind in the community?" To this question the witness answered, "I don't know of any set trade practice. In my own case we do our own overhauling and my experience with breaking in a motor is the way we treat our own equipment." The witness made no effort to prove a trade practice, see Cole Motor Car Co. v. Tebault, 196 Ala. 382, 72 So. 21, but stated the nature of his experience. He had previously shown that he had been in the grading business since 1918 and had had considerable experience with tractors of the kind involved in the litigation. In fact he testified to his ownership, operation and repair of a similar tractor. There was no error in the ruling. While we have discussed this assignment, we do not mean to imply that the assignment is sufficiently concise. Hall v. Pearce, 209 Ala. 397, 96 So. 608.

We have carefully considered all other assignments of error but find no merit in them.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.