162 So.2d 474

**DAILY TIMES DEMOCRAT**

v.

**Flora Bell GRAHAM.**

**6 Div. 8.**

Supreme Court of Alabama.

March 26, 1964.

Battles & Folsom, Cullman, for appellant.

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

Deramus & Johnston, Birmingham, for Alabama Press Ass'n., amicus curiae.

HARWOOD, Justice.

This is an appeal from a judgment in favor of the plaintiff in an action charging an invasion by the defendant of the plaintiff's right of privacy. Damages were assessed by the jury at $4,166.00. From such judgment the defendant has perfected its appeal to this court.

Appellee is a woman 44 years of age who has lived in Cullman County, Alabama her entire life. She is married and has two sons, ages 10 and 8. The family resides in a rural community where her husband is engaged in the business of raising chickens. The appellee has led the usual life of a housewife in her community, participating in normal church and community affairs.

On 9 October 1961, the Cullman County Fair was in progress. On that day the appellee took her two children to the Fair. After going on some of the rides, the boys expressed a wish to go through what is called in the record the "Fun House." The boys were afraid to enter alone so the appellee accompanied them. She testified she had never been through a Fun House before and had no knowledge that there was a device that blew jets of air up from the platform of the Fun House upon which one exited therefrom.

The appellee entered the Fun House with her two boys and as she was leaving her dress was blown up by the air jets and her body was exposed from the waist down, with the exception of that portion covered by her "panties."

At this moment the appellant's photographer snapped a picture of the appellee in this situation. This was done without the appellee's knowledge or consent. Four days later the appellant published this picture on the front page of its newspaper.

The appellant publishes about five thousand newspapers daily which are delivered to homes, mailed to subscribers, and displayed on racks in various locations in the city of Cullman and elsewhere.

On the Sunday following the publication of the picture, the appellee went into the city of Cullman. There she saw the appellant's newspaper display with her picture on the front page in one of the appel-

lant's newspaper racks, and she also saw copies of the said newspaper in other places.

While the appellee's back was largely towards the camera in the picture, her two sons are in the picture, and the photograph was recognized as being of her by other people with whom she was acquainted. The matter of her photograph was mentioned to the appellee by others on several occasions. Evidence offered by the appellee during the trial tended to show that the appellee, as a result of the publication of the picture, became embarrassed, self-conscious, upset and was known to cry on occasions.

Since the article by Warren and Brandeis, 4 Harv.Law Review 193, formulating the action for invasion of one's privacy, the decisions in those states accepting such doctrine have been numerous. In addition, as a resort to the indices of the law reviews and legal periodicals will show, the theories and development of this cause of action have been the subject of discussion of many legal writers. Clearly the right of action for invasion of privacy is now well recognized in the jurisprudence of Alabama, and has been fully discussed in our decisions. See Smith v. Doss, 251 Ala. 250, 37 So.2d 118; Abernathy v. Thornton, 263 Ala. 496, 83 So.2d 235. In view of this thorough presentation of the subject in our prior decisions, supra, we refrain from any background discussion of this cause of action, and will confine our review to the questions pertinent to this review.

■ Among the alternative statements of what may constitute an actionable invasion of one's right of privacy, this court stated that such action accrued upon "the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Abernathy v. Thornton, supra, citing Smith v. Doss, supra; Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314.

There is a fertile medium in this field of torts for the production of conflicts between the right of the individual to be let alone, and the right of the public to know—the latter concept being crystalized in our age old concept of freedom of speech and of the press.

■ The right of action for invasion of privacy has had to give way to the interest of the public to be informed, where as stated by the late Dean Hepburn in his Cases on Torts, page 504:

"* * * (4) It does not exist where the person has published the material complained of or consented thereto. It does not exist where a person has become so prominent that by his very prominence he has dedicated his life to the public and thereby waived his right to privacy. (5) There can be no privacy in that which is already public. (6) *It does not exist in the dissemination of news and news events nor in the discussion of events of the life of a person in whom the public has a rightful interest, nor where the information would be of public benefit as in the case of a candidate for public office.*" (Emphasis ours.)

Clearly the limitations on actionable invasion of privacy set forth in paragraph (4) of Dean Hepburn's summary above are non-existent in this case and need not be considered.

While a demurrer was filed to the complaint in this case, the record discloses no ruling by the court thereon.

As we understand appellant's brief, however, counsel argues that the court erred in the refusal of appellant's requested affirmative charges with, and without, hypothesis. Counsel contends that as a matter of law the publication of the photograph was a matter of legitimate news of interest to the public; that the publishing of the picture was in connection with a write-up of the Fair, which was a matter of legitimate news. If this be so, then of course the appellant would have been privileged to have published the picture.

Counsel has quoted from an array of cases as to what constitutes news. We see no need to refer to these cases in that their applicability to the facts now before us is negligible. We can see nothing of legitimate news value in the photograph. Certainly it discloses nothing as to which the public is entitled to be informed. Even so, in Note 270, page 416, of 48 Cal.Law Review, Mr. Prosser in his article on "Privacy" observes:

"It may nevertheless be suggested that there must be yet some undefined limits of common decency as to what can be published about anyone; and that a photograph of indecent exposure, for example, can never be legitimate 'news.'"

In the Restatement of the Law of Torts, Vol. 4, Sec. 867, promulgated by the American Law Institute, it is provided:

"A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other."

In the comment under this section it is stated:

"These limits" (justifiable invasion of privacy) "are exceeded where intimate details of the life of one who has never manifested a desire to have publicity are exposed to the public, *or where photographs of a person in an embarrassing pose are surreptitiously taken and published.*" (Emphasis ours.)

Not only was this photograph embarrassing to one of normal sensibilities, we think it could properly be classified as obscene, in that "obscene" means "offensive to modesty or decency." Holcombe v. State, 5 Ga.App. 47, 62 S.E. 647; or expressing to the mind or view something which delicacy, purity, or decency forbid to be expressed. United States v. Williams, 2 Cir., 3 F. 484.

The appellant's insistence of error in this aspect is therefore without merit.

Counsel further argues that the court erred in refusal of appellant's requested affirmative charges in that appellee's picture was taken at the time she was a part of a public scene, and the publication of the photograph could not therefore be deemed an invasion of her privacy as a matter of law.

The proposition for which appellant contends is probably best illustrated by the following quotation from Forster v. Manchester, 410 Pa. 192, 189 A.2d 147:

On the public street, or in any other public place, the plaintiff has no right to be alone, and it is no invasion of his privacy to do no more than follow him about. Neither is it such an invasion to take his photograph in such a place, since this amounts to nothing more than making a record, not differing essentially from a full written description of a public sight which anyone present would be free to see.

Admittedly this principle is established by the cases.

As well stated in Hinish v. Meir & Frank Co., Inc., 166 Or. 482, 113 P.2d 438, 138 A.L.R. 1:

"When a legal principle is pushed to an absurdity, the principle is not abandoned, but the absurdity avoided."

In other words, a purely mechanical application of legal principles should not be permitted to create an illogical conclusion.

To hold that one who is involuntarily and instantaneously enmeshed in an embarrassing pose forfeits her right of privacy merely because she happened at the moment to be part of a public scene would be illogical, wrong, and unjust.

One who is a part of a public scene may be lawfully photographed as an incidental part of that scene in his ordinary status. Where the status he expects to

occupy is changed without his volition to a status embarrassing to an ordinary person of reasonable sensitivity, then he should not be deemed to have forfeited his right to be protected from an indecent and vulgar intrusion of his right of privacy merely because misfortune overtakes him in a public place. See Gautier v. Pro-Football, Inc., et al., 304 N.Y. 354, 107 N.E.2d 485; Jacova v. Southern Radio and Television Co., Fla., 83 So.2d 34.

■ Appellant has also advanced argument under assignment of error No. 3. This assignment reads:

"For that the trial court erred in that the oral charge is an incorrect statement of the law."

This assignment is too general and indefinite to invite review. Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So. 2d 96; Bryan v. Stewart, 194 Ala. 353, 70 So. 123; Creamery Package Mfg. Co. v. Fields, 235 Ala. 602, 180 So. 275; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.