**Larry McNAMARA (Formerly Janice McNamara as Next Friend of Larry McNamara), Appellant,**

v.

**FREEDOM NEWSPAPERS, INC., d/b/a the Brownsville Herald, Appellee.**

No. 13–90–047–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 24, 1991.

Rehearing Overruled Feb. 21, 1991.

Rick Foster, Michael S. Lee, Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for appellant.

Thomas G. Sharpe, Jr., Luke C. Kellogg, Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, for appellee.

Before BENAVIDES, KENNEDY, and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Larry McNamara appeals a summary judgment in favor of Freedom Newspapers d/b/a Brownsville Herald (hereafter "Newspaper"). By three points of error, McNamara contends that summary judgment should not have been granted in his invasion of privacy and intentional and negligent infliction of emotional distress claims. We affirm the trial court's judgment.

The underlying action arises out of the publication by the Newspaper of a photograph taken during a high school soccer game. The photograph in question accurately depicted McNamara and a student from the opposing school running full stride and chasing a soccer ball. The picture further shows McNamara's genitalia which happened to be exposed at the exact moment that the photograph was taken.[1] The photograph was published in conjunction with an article reporting on the soccer game.

■■■ At issue in this case is whether the Newspaper's publication of the photograph is protected by the First Amendment of the United States Constitution and Article I, Section 8 of the Texas Constitution such that McNamara's suit for invasion of privacy and for negligent and intentional infliction of emotional distress as a result of the publication of the photograph is precluded.[2] The Newspaper's answer and motion for summary judgment were based, in part, on First Amendment and Article 1, Section 8 protection.

■■■ The Newspaper asserts that the publication of the photograph is protected by the First Amendment of the United States Constitution and Article I, Section 8 of the Texas Constitution because the constitutional provisions do not allow civil damages against a newspaper for the publication of a photograph taken at a public event. Whether First Amendment protection applies is a question of law for the trial court. *Sykes v. McDowell*, 786 F.2d 1098, 1103 (11th Cir.1986); *Kelleher v. Flawn*, 761 F.2d 1079, 1084 (5th Cir.1985). It follows that whether Article I, § 8 protection applies is also a question of law for the trial court. A question of law may be resolved in a summary judgment. *See Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp.*, 789 S.W.2d 688, 691 (Tex.App.—Corpus Christi 1990, writ denied).

1. The exposure was apparently caused by McNamara's failure to wear the customary athletic supporter.

2. Texas law recognizes a cause of action for invasion of privacy when there is public disclosure of embarrassing private facts about a plaintiff. *Industrial Foundation of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex. 1976). The law of Texas also recognizes causes of action for intentional infliction of emotional distress, *Tidelands Auto. Club v. Walters*, 699 S.W.2d 939, 942, 944 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) (citing and relying on numerous Supreme Court of Texas and Texas Courts of Appeals opinions), and negligent infliction of emotional distress. *St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 652–54 (Tex. 1987).

Article I, Section 8 of the Texas Constitution provides:

Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

The First Amendment states: "Congress shall make no law ... abridging the freedom of speech or of the press...." U.S. Const. amend. I. Arguably, the rights of free speech and press guaranteed by our Texas Constitution are more extensive than those guaranteed by the United States Constitution. *O'Quinn v. State Bar of Texas*, 763 S.W.2d 397, 402 (Tex.1988); *Casso v. Brand*, 776 S.W.2d 551, 564 (Tex.1989) (Gonzalez, J., dissenting); *Channel 4, KGBT v. Briggs*, 759 S.W.2d 939, 944 (Tex. 1988) (Gonzalez, J., concurring); *see also* Harrington, *Free Speech, Press, and Assembly Liberties Under the Texas Bill of Rights*, 68 Tex.L.Rev. 1435, 1450–57 (1990). Article I, Section 8 of the Texas Constitution offers no less a protection of the press than the First Amendment. We determine first whether the Newspaper would be entitled to protection under the First Amendment from McNamara's claims.

First Amendment protection for publications covers a vast spectrum of tastes, views, and expressions, all of which fall within a broad definition of newsworthy. *See Lerman v. Flynt Distrib. Co., Inc.*, 745 F.2d 123, 138–39 (2d Cir.1984), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). The First Amendment sometimes protects what would otherwise be an actionable invasion of privacy when a publication by the media is involved. *See Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); *Cantrell v. Forest City Publishing Co.*, 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974); *Gilbert v. Medical Economics Co.*, 665 F.2d 305, 307 (10th Cir.1981). This constitutional privilege applies to the public disclosure of private facts, which in this case is alleged to have resulted in the invasion of privacy and the negligent and intentional infliction of emotional distress. *See*

*Cox*, 95 S.Ct. at 1043; *Gilbert*, 665 F.2d at 307.

■ The First Amendment privilege immunizes the reporting of private facts when discussed in connection with matters of the kind customarily regarded as news. *Gilbert*, 665 F.2d at 308. Under this privilege, a factually accurate public disclosure is not tortious when connected with a newsworthy event even though offensive to ordinary sensibilities. *Neff v. Time, Inc.*, 406 F.Supp. 858, 861 (W.D.Pa.1976). This standard provides a privilege for truthful publications that ceases to operate only when an editor abuses his broad discretion to publish matters that are of legitimate public interest. *Gilbert*, 665 F.2d at 308.

■ Publication in a newspaper does not lose its protected character simply because it may embarrass the persons to whom the publication refers. *See N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 911, 102 S.Ct. 3409, 3424, 73 L.Ed.2d 1215, *reh'g denied*, 459 U.S. 898, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982); *see Lloyd v. Alaska Worldwide, Inc.*, 550 S.W.2d 343, 346 (Tex.App.—Dallas 1977, no writ). "Exposure of the self to others in varying degrees is a concomitant of life in a civilized community." *Time, Inc. v. Hill*, 385 U.S. 374, 388, 87 S.Ct. 534, 542, 17 L.Ed.2d 456 (1967). "The risk of this exposure is an essential incident of life in a society which places a primary value on freedom of speech and of press." *Id.* When an individual is photographed at a public place for a newsworthy article and that photograph is published, the entity publishing the photograph is entitled to the protection of the First Amendment. *See Hill*, 385 U.S. at 397, 87 S.Ct. at 547; *Neff*, 406 F.Supp. at 861.

■ McNamara argues that the Newspaper could have used one of its other numerous photographs in its article. The mere existence of an alternative means of expression cannot by itself justify a restraint on some particular means that the speaker finds more effective. *Pirmantgen v. Feminelli*, 745 S.W.2d 576, 578 (Tex. App.—Corpus Christi 1988, no writ). It follows that the Newspaper should not be

penalized after the fact for choosing and publishing the photograph of McNamara and the other student running after the soccer ball even though other photographs of other students participating in the soccer game were available.

■ McNamara further contends that by the publication of his photograph, the Newspaper violated the bounds of public decency and, in such a situation, he is entitled to protection of the law. He argues that the Newspaper should have provided a mechanism which would have prevented the publication of this photograph. In support of his position, McNamara relies extensively on *Daily Times Democrat v. Graham,* 276 Ala. 380, 162 So.2d 474 (1964). We do not find *Graham* persuasive. In *Graham,* the Alabama Supreme Court allowed a woman to recover for invasion of privacy for the publication of a photograph (in which her body was exposed from the waist down, except for her panties) but did not discuss or analyze the availability of First Amendment protection for the newspaper. *Graham,* 162 So.2d at 478. The key issue in the case at hand, however, is whether the publication of McNamara's photograph is protected by the First Amendment.

The uncontroverted facts in this case establish that the photograph of McNamara was taken by a newspaper photographer for media purposes. The picture accurately depicted a public event and was published as part of a newspaper article describing the game. At the time the photograph was taken, McNamara was voluntarily participating in a spectator sport at a public place. None of the persons involved in the publishing procedure actually noticed that McNamara's genitals were exposed.

We hold that because the published photograph accurately depicts a public, newsworthy event, the First Amendment provides the Newspaper with immunity from liability for damages resulting from its publication of McNamara's photograph. Since immunity under Article I, Section 8 of the Texas Constitution is at least as extensive as that under the First Amendment, we conclude that the Newspaper is also protected by Article I, Section 8 which affords another basis for the trial court's judgment. We hold that the trial court did not err in entering summary judgment on McNamara's three causes of action. Accordingly, we overrule McNamara's three points of error.

The trial court's judgment is AFFIRMED.