Leland Cage WAVELL, Appellant,

v.

CALLER–TIMES PUBLISHING COMPA-
NY, and Harte–Hanks Communica-
tions, Inc., et al., Appellees.

No. 13–90–092–CV.

Court of Appeals of Texas,
Corpus Christi.

May 9, 1991.

Rehearing Overruled June 12, 1991.

Keith C. Livesay, McAllen, Cage Wavell, Corpus Christi, for appellant.

David H. Donaldson, Jr., Elizabeth A. Crabb, Austin, for appellees.

Before DORSEY, KENNEDY and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

This is an appeal from a summary judgment. Appellant, Leland Cage Wavell, sued the Caller–Times Publishing Co., its owner, Harte–Hanks Communications, Inc., and certain employees of the Caller–Times, being reporters, editors, and publishers. The publishing company publishes the Corpus Christi Caller Times, the major daily newspaper serving the Corpus Christi, Texas, area. Mr. Wavell, an attorney practicing law in Corpus Christi, alleged he was injured by the newspaper's publishing of a number of articles about him, asserting several causes of action: invasion of privacy by public disclosure of private facts and by placing him in a false light; negligence; intentional and negligent infliction of emotional distress; and conspiracy in connection with the publication of various news articles written by the Caller–Times.

The Caller–Times moved for summary judgment arguing principally that the publication of the articles was absolutely privileged under both United States and Texas Constitutions because they were accurate accounts of matters contained in public records and of testimony made in open judicial proceedings. The trial court granted Caller–Times' motion for summary judgment. By one point of error, containing fifteen sub-points, appellant argues that the trial court erred in granting summary judgment. We affirm in part, and reverse and remand, in part.[1]

On November 2, 1981, Mr. Wavell was beaten and shot while working at his law office. Margaret Covington, his former lover, was indicted in connection with the assault. A number of judicial proceedings either arose from the assault or were connected with it: Covington's paternity action against Wavell; Covington's criminal indictment, state court trial, and acquittal; Wavell's civil suit against Covington and

1. We divide the appellees into two groups: One consisting of Ms. Carrico, a reporter, and Mr. Rhodes, the newspaper's publisher; the other group of appellees being the paper, its corporate parent, and all others, who will be referred to as the Caller–Times or newspaper. Carrico and Rhodes are subject to a particular procedural point that does not affect the other appellees, which is addressed last in this opinion. All appellees were defendants below because of articles published in the Corpus Christi Caller–Times and their relationship to that newspaper.

its subsequent settlement; and Covington's indictment in federal court and plea of guilty. This suit arises from a series of newspaper articles the Caller–Times published relating these various judicial proceedings. The articles recount testimony and evidence concerning Wavell's former romantic relationship with Covington, Covington's allegations of paternity against Wavell, Covington's solicitation of two individuals to sexually incapacitate Wavell by assaulting him, and Wavell's filing of a civil law suit against Covington.

All of the articles were about the Covington–Wavell relationship and were based upon testimony and documents from the judicial proceedings. Mr. Wavell argues that the Caller–Times published the articles to intentionally or negligently cause him mental anguish and to ruin his reputation. Mr. Wavell contends that the Caller–Times intended to cause him such distress because he had earlier filed a libel action against the newspaper on behalf of a client. Mr. Wavell asserts that the articles are untrue characterizations of testimony and evidence made during Covington's criminal trial and other judicial proceedings. In addition to complaining of several specific articles, he contends that all of the articles, taken as a whole, place him in a false light and disclose private facts by repeatedly linking him to Covington and unnecessarily reporting his name, status in the community, and sordid details of his affair with Covington.

The purpose of a summary judgment is to eliminate claims that are patently not meritorious or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). A summary judgment should be granted only if evidence establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Barrow*, 641 S.W.2d at 625; Tex.R.Civ.P. 166a(c). The party seeking summary judgment has the burden of proof, and all

doubts regarding the existence of a genuine issue of fact are to be resolved against the movant. All evidence favorable to the nonmovant is taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a trial court's order granting summary judgment does not specify the ground or grounds for the ruling, the summary judgment will be upheld on appeal if any theory advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

■ In its motion for summary judgment, the defendant-appellees argued that the United States and Texas Constitutions prohibit civil damages against a newspaper for accurate or substantially true accounts of newsworthy matters arising from and pertaining to judicial proceedings. We agree. The action of the defendant that injured the plaintiff was the publication of matters made public during the trial of Covington. The First Amendment[2] forbids the imposition of civil liability in a privacy action based upon the truthful publication of matters contained in open judicial proceedings. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975). In *Cox Broadcasting*, the United States Supreme Court, citing what is now the RESTATEMENT (SECOND) OF TORTS §§ 652(A)–652(E) (1977), stated that the rationale for this view is that once true information is disclosed in public court documents there is no liability for merely giving publicity to that which is already public. *Cox Broadcasting*, 420 U.S. at 492, 95 S.Ct. at 1044. The protections given the press to publish do not depend on the legal theory asserted by an inventive plaintiff. Publications alleged to constitute invasions of privacy are subject to the same protections as are publications alleged to be defamatory. *Id; Cantrell v. Forest City Publishing Co.*, 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974); *Braun v. Flynt*, 726

---

**2.** We will rely upon the First Amendment in resolving the issues presented. *See generally, McNamara v. Freedom Newspapers, Inc.,* 802

S.W.2d 901 (Tex.App.—Corpus Christi 1991, writ pending).

F.2d 245, 249 (5th Cir.1984). The news media have a significant role in our system of justice by subjecting trials to public scrutiny in order to ensure that trials are fair.

The First Amendment protects the reporting of private facts when revealed in connection with newsworthy matters. *Gilbert v. Medical Economics Co.,* 665 F.2d 305, 307 (10th Cir.1981). These protections extend to a vast spectrum of tastes, views, and expressions, all of which fall within a broad definition of newsworthy. *See Lerman v. Flynt Distrib. Co.,* 745 F.2d 123, 138–39 (2nd Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). A publication which is factually accurate is not tortious when connected with a newsworthy event, even though it may otherwise be offensive to ordinary sensibilities. *Neff v. Time, Inc.,* 406 F.Supp. 858, 861 (W.D.Pa.1976). This standard provides a privilege for truthful publications that ceases to operate only when an editor abuses his broad discretion to publish matters that are of legitimate public interest. *Gilbert,* 665 F.2d at 308.

Here, Wavell was the victim of a violent crime orchestrated by his former lover, Covington. The news articles relate matters, although seamy, sordid, and violent, which were either revealed in open judicial proceedings or concerned those proceedings. In *Cox Broadcasting,* the Supreme Court held that crimes, prosecutions, and judicial proceedings associated with them "are without question" events of legitimate public concern. *Cox Broadcasting,* 420 U.S. at 492, 95 S.Ct. at 1044. We find the articles newsworthy as a matter of law. We now turn to the issue of the truthfulness of the reporting.

In a summary judgment proceeding involving a media defendant in which First Amendment protections are applicable, a showing by the defendant-movant of the publications' substantial truth will defeat the non-movant's causes of action. *See McIlvain v. Jacobs,* 794 S.W.2d 14, 15 (Tex.1990); *Crites v. Mullins,* 697 S.W.2d 715, 717 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The substantial truth "test" requires an evaluation of whether the articles published were more harmful in the mind of the average recipient than the truth would have been. *McIlvain,* 794 S.W.2d at 15. When the underlying facts regarding the "gist" of the publication are undisputed, we can disregard any variance with respect to items of secondary importance. *Id.* It is not the function of a court to serve as a senior editor to determine if the reporting is absolutely, literally true; substantial truth is sufficient.

Here, in support of its motion for summary judgment, the *Caller–Times* presented evidence concerning every article which referenced Wavell. The evidence, in the form of depositions, pleadings, trial transcripts and other documents associated with Covington's various judicial proceedings, shows that the articles published by the *Caller–Times* are substantially true accounts of the judicial proceedings they concern. The articles' references to Wavell and the reporting of various facts surrounding Wavell's status as a victim of crime are newsworthy and of legitimate public interest. The articles identify to the reader that they are accounts of judicial proceedings and do not portray the statements reported as facts; rather, the articles merely relate witness' testimony and allegations of the parties.

We hold that because the published articles are substantially true accounts of newsworthy events arising from open judicial proceedings, the First Amendment provides the *Caller–Times* immunity from liability for damages resulting from its publication of the articles. The trial court did not err in granting summary judgment on Wavell's several causes of action against the newspaper and most of the appellees.

However, appellant argues that the trial court erred in granting summary judgment as to defendants Carrico and Rhodes because no notice was given him that these two defendants' motions for summary judgment had been set for hearing. We agree. Although the same causes of action were asserted against these defendants as against the others discussed earlier, the

rules of procedure require that Mr. Wavell receive proper notice of the hearing on the motions of Carrico and Rhodes.

Tex.R.Civ.P. 166a(c) requires that the non-movant receive notice of the hearing date for a motion for summary judgment. *Tafollo v. Southwestern Bell Tel. Co.*, 738 S.W.2d 306, 307 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Williams v. Carpentier*, 767 S.W.2d 953, 954 (Tex.App.—Beaumont 1989, no writ). Without proper notice the need and time for a non-movant's response is uncertain. *Tafollo*, 738 S.W.2d at 307. Because summary judgment is a harsh remedy, the notice provisions of Rule 166a are strictly construed. *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Here, the record fails to establish that appellant was given proper notice that Carrico's and Rhodes' motions were set for hearing. Accordingly, we reverse the summary judgment as it pertains to Carrico and Rhodes.

The judgment of the trial court pertaining to the appellees Carrico and Rhodes is REVERSED and REMANDED. The judgment disposing of the action against all other appellees is AFFIRMED.

BENAVIDES, J., not participating.